GIVEN, Appellant, vs. THE WISCONSIN ODD FELLOWS' MUTUAL LIFE INSURANCE COMPANY, Respondent.

*April 2 — April 17, 1888.*

*Life insurance: Appointment of beneficiary: Revocation by death: Married women: Mutual benefit society.*

1. Unless a policy of life insurance points out to whom the insurance money shall be paid in case the beneficiary die before the assured, the appointment of the beneficiary is revoked by his death.    This rule is not abrogated, where the beneficiary is the wife of the assured, by sec. 2347, R. S.

2. The by-laws of a mutual benefit company provided that on the death of a member "the person designated before death, or his widow, child, or children, mother, sister or sisters," etc., "as the case may be, *and in the order named,*" should receive the insurance.    One G., a member, directed that his insurance be paid to S., his wife.    S. died, and G. thereafter married the plaintiff, whom on his death he left surviving.    *Held,* that the appointment of S. as beneficiary was revoked by her death, and the insurance was payable, under the by-laws, to the plaintiff.

3. It is not probable that sec. 2347, R. S., was intended to affect an insurance by a purely benevolent association upon the life of a member for the benefit of those dependent upon him.

APPEAL from the Circuit Court for *Jefferson* County.

The defendant is an incorporated company carrying on the business of life insurance on the mutual benefit plan, but confines its membership to members in good standing in the Independent Order of Odd Fellows in this state, and certain female relatives of Odd Fellows, and grants insurance for the benefit of the families of the insured.

The rules and by-laws of the company provide that any member thereof " may, at any time before his or her death, notify the secretary, in writing, to whom his or her insurance shall be paid after his or her death, which notice the secretary shall keep on file in his office, and in all such cases the said insurance shall be paid directly to the person designated in such notice." It is further provided therein that, on the death of the member, " the person designated before death, or his widow, child or children, mother, sister or sisters, father, brother or brothers, as the case may be, *and in the order named,* if not otherwise directed by the deceased previous to death, shall receive, out of the funds of the company, . . . the sum of $1,000, ninety days after due proof of death." And, further: " If the deceased member leaves no such relatives, nor any direction for the payment of the money, the company shall pay the expenses of his burial, if there be sufficient funds, and any surplus shall be paid to the lodge of which deceased was a member, to be placed in the widow and orphan's fund of such lodge."

One Simeon S. Given was a member of such company, and, at the time of his death, held a valid certificate of such membership. When the certificate was issued to him, he directed, in due form, that the insurance be paid to " Sarah Given, my wife." He never changed or recalled such direction. He became a member of the company in 1881. His wife, Sarah Given, died in 1884. March 9, 1885, he married the plaintiff, *Lizzie Given,* and December 20, 1885, died, leaving surviving him his widow, the plaintiff, and two children by his wife Sarah. A child of the last marriage was born March 1, 1886, and is still living. The defendant refuses to pay the insurance money to the plaintiff, and she brings this suit to recover it.

The foregoing facts, and all the other facts essential to show the liability of the company for the insurance on the

life of Simeon S. Given, are alleged in the complaint. The court sustained a general demurrer to the complaint, and from the order in that behalf the plaintiff appeals.

For the appellant there was a brief by *Whitman & Spencer* and *John Bottensek*, and oral argument by *Mr. Bottensek*. They contended, *inter alia*, that it is a well-established rule respecting beneficiaries of insurance in the mutual benefit, co-operative, or assessment insurance associations, that whenever the charter, by-laws, or certificate of membership authorizes the insured, without the knowledge or consent of the beneficiary already named, to change the beneficiary of such insurance; then such beneficiaries have no vested right, no property, but an expectancy only in such insurance, during the life-time of the insured, which expectancy ceases and becomes naught on the death of the beneficiary leaving the insured surviving, and the insured himself has no other right in that respect than that of a mere power of appointment of beneficiary. *Gentry v. S. L. K. of H.* 20 Cent. L. J. 393, and notes; *Richmond v. Johnson*, 28 Minn. 447; *Hellenberg v. Dist. No. 1, I. O. of B. B.* 94 N. Y. 580; *Arthur v. Odd Fellows' B. A.* 29 Ohio St. 557; *Masonic Mutual R. A. v. McAuley*, 10 Wash. L. R. 124, 2 Mackey, 70. When the charter of the company or the contract of insurance itself prescribes the persons or classes of persons who shall receive the insurance, and the order in which, in case of the death of some, the others shall take, then the contract controls, and the insurance must be paid to such beneficiaries only and in the precise order named. *Arthur v. Odd Fellows' B. A.* 29 Ohio St. 557; *Masonic Mutual R. A. v. McAuley*, 10 Wash. L. R. 124; 2 Mackey, 70; *Ballou v. Gile*, 50 Wis. 614; *Gentry v. S. L. K. of H.* 20 Cent. L. J. 393.

For the respondent there was a brief by *Gregory, Bird & Gregory*, and oral argument by *Mr. Geo. W. Bird*. To the point that the effecting of the insurance payable to Sarah

Given vested in her an actual subsisting interest therein, which, upon her death, unrevoked by the assured, passed to her two minor children and heirs at law, and the assured having died without having designated any other person as the beneficiary, the sum due was payable to said children, they cited, *Foster v. Gile*, 50 Wis. 603; *Continental L. Ins. Co. v. Webb*, 54 Ala. 688; *Drake v. Stone*, 58 id. 133; *Williams v. Williams*, 68 id. 405; *Waldrom v. Waldrom*, 76 id. 285; *Continental L. Ins. Co. v. Palmer*, 42 Conn. 60; *Phœnix Mut. L. Ins. Co. v. Dunham*, 46 id. 79; *Libby v. Libby*, 37 Me. 359; *Hutson v. Merrifield*, 51 Ind. 24; *Harley v. Heist*, 86 id. 196; *Lockwood v. Bishop*, 51 How. Pr. 221; *Hull v. Hull*, 62 id. 100; *Lee v. Page*, 8 Ky. Law Rep. 602; *Connecticut Mut. L. Ins. Co. v. Fish*, 59 N. H. 126; *Goodrich v. Treat*, 3 Colo. 408; *Myers v. Keystone M. L. Ins. Co.* 27 Pa. St. 268; *Anderson's Estate*, 85 id. 202; *Ricker v. Charter Oak L. Ins. Co.* 27 Minn. 193; *Fletcher v. Collier*, 61 Ga. 653; *Olmstead v. Masonic Mut. B. S.* 37 Kan. 93; *Day v. Case*, 43 Hun, 179.

LYON, J.    The defendant company concedes its liability to pay the insurance on the life of Simeon S. Given, and that the complaint sufficiently shows such liability, but claims that the same is payable to the legal representative of the deceased Sarah Given, and not to the plaintiff.    Whether it is so payable is the only question raised by the demurrer to the complaint.    The question was very fully and ably argued by the respective counsel, and numerous authorities bearing upon it were cited and discussed by them.    We find it unnecessary to consider these authorities at length, for the reason that the question has already been decided by this court in *Foster v. Gile*, 50 Wis. 603.

In that case a policy of insurance had been issued by the Penn Mutual Insurance Company of Pennsylvania on the life of one Walter H. Ballou, and by the terms of the

JANUARY TERM, 1888. 551

Given vs. The Wisconsin Odd Fellows' Mutual Life Ins. Co.

policy the insurance money was payable to the two children of the insured, named therein, in equal shares, and to " their guardians, executors, administrators, or assigns." Both beneficiaries died before their father. Ballou died without making any change in the beneficiaries named in the policy. The contest was between the administrator of the insured and the administrator of the beneficiaries. It was held that the administrator of the beneficiaries was entitled to the insurance money, on the sole ground that the same was made payable, not only to them, but to " their guardians, executors, administrators, or assigns." The rule there laid down is that, unless the policy points out to whom the insurance money shall be paid in case the beneficiary die before the insured, the appointment of the beneficiary is revoked by his death. It was so held in analogy to the rules relating to lapsed legacies. Had the words " their guardians, executors, administrators, or assigns," or equivalent words, been omitted from the clause of the policy naming the beneficiaries, the judgment would have been that the administrator of the insured was entitled to the money. The question was very carefully and fully considered in that case; and although there was some difference of opinion between the members of the court, the judgment must be taken as a settlement of the question in this state until the rule is changed by competent authority.

In the case of *Ballou v. Gile*, 50 Wis. 614, there were no words of inheritance or transmission in the appointment of a beneficiary, and hence the case might as well have been decided upon the rule of *Foster v. Gile*. Probably it would have been but for the difference in the opinions of the justices in the latter case. *Ballou v. Gile* was a case of insurance in a benevolent company, under whose rules the money was payable only to those dependent upon the insured. If no such persons survived the insured, the insurance lapsed, and the liability of the company therefore ceased. So the

judgment in that case went upon the restricted liability of the insurer, because we could all concur in placing it upon that ground.

Our attention was called by counsel to sec. 2347, R. S., as sustaining the contention of the company. It is not probable that the section was intended to affect an insurance by a purely benevolent association upon the life of a member for the benefit of those dependent upon him. In such case it would seem that the beneficiaries appointed by the charter or by-laws of the association would be entitled to the insurance money, even though the insured member may have attempted to appoint a different beneficiary. But, however this may be, we do not think the statute (were it here applicable) would take this case out of the rule of *Foster v. Gile.* Certainly it would not, unless it vested in the original beneficiary, Sarah Given, the absolute right to the insurance money as her separate property or estate. That a statute which, in principle, was like sec. 2347, did not work such a result, was held by this court in *Kerman v. Howard,* 23 Wis. 108.

Applying the rule of *Foster v. Gile* to the present case, the death of the wife, Sarah Given, during the life of the insured, abrogated the direction that the insurance money be paid to her, and left it to be paid to the person entitled thereto under the rules and by-laws of the company. That person is the widow of the insured, the plaintiff in this action. It follows that the complaint states a cause of action in her favor, and hence that the demurrer thereto should have been overruled.

*By the Court.*— The order sustaining the demurrer is reversed, and the cause will be remanded with directions to the circuit court to overrule the demurrer.

See note to this case by J. R. Berryman in 27 Am. Law Reg. 374, 377.— REP.