THE MICHIGAN MUTUAL BENEFIT ASSOCIATION v. SIMEON N. ROLFE ET AL.

*Mutual benefit associations—Certificate of membership—Assignment by insured—Public policy—Interest of beneficiary.*

1. No person not of the *class* for whose benefit a mutual benefit association is authorized can be a beneficiary. *Mutual Benefit Association v. Hoyt*, 46 Mich. 473.[1]

2. What public policy will not sanction when done *directly*, cannot be enforced when accomplished through *indirection*.

   So *held*, where a member of a mutual benefit association assigned, *absolutely*, his certificate to one *not* having an *insurable* interest in his life, who thereafter paid all assessments thereon; the certificate not being surrendered to the company, but standing in the name of the assignor, and never being delivered to the assignee, but found among the assignor's papers after his death.

3. An amendment by a mutual benefit association of its articles of association, so as to conform to the provisions of Act No. 187, Laws of 1887, made *before* the act took effect, is premature.

4. The death of a wife *prior* to that of her husband terminates her *contingent* interest under a certificate of insurance issued to the husband by a mutual benefit association, in which she is named as beneficiary; she having prior to his death no interest which she could assign or devise, or which could descend to her heirs or personal representatives.

[1] As to who fall within the term "family relations," see *Knights of Honor v. Nairn*, 60 Mich. 44 (head-note 3).

5. On the death of a husband to whom a certificate of insurance has been issued by a mutual benefit association, in which his wife is the beneficiary, her interest, if she survives him, becomes vested, and she can assign the same at any time before payment, and, in case of her death without disposing of such interest and before payment, it passes to her personal representatives, to whom such payment can be made.

6. It is *not* the intent of a law, the purpose of which is declared to be "to secure to the families or heirs of any *member* [of a mutual benefit association], upon his death, a certain sum of money," to secure such money to the heirs of a beneficiary who is *not* a member.

So *held*, where the certificate issued to a husband provided for payment to "Lorey E. Lyon (wife), heirs, administrators, or assigns," and, the wife dying first, it was contended that *her* heirs were designated as the beneficiary in case of her death before that of her husband, the parties having no children.

Appeal from Hillsdale.    (Lane, J.)    Argued June 14, 1889.    Decided July 11, 1889.

Bill of interpleader filed to determine rights of claimants under a certificate issued by a mutual benefit association. Decree in favor of father of the insured affirmed.    The facts are stated in the opinion.

*Corvis M. Barre,* for complainant.

*Cahill & Ostrander,* for defendant Lyon.

*A. B. Haynes* and *R. A. Montgomery,* for remaining defendants.

CHAMPLIN, J.    A bill of interpleader was filed by the Michigan Mutual Benefit Association of Hillsdale, against Ransom D. Lyon, Simeon N. Rolfe, Alice Rolfe, Chester H. Rolfe, Wesley M. Rolfe, Eliza M. Huntoon, Elmira E. Overholt, and Celestia Justice.

Ransom D. Lyon is the father, and also is administrator of the estate, of Francis M. Lyon, deceased.

Alice Rolfe is the mother of Lorey E. Lyon, wife of Francis M., and the other defendants named are the brothers and sisters of Lorey E. Lyon.

A decree for interpleader was duly entered, whereupon the parties interested agreed upon the following statement of facts, viz.:

"1. The complainant is a mutual benefit association, organized under chapter 94 of the Compiled Laws of 1871, as amended by Act 192 of the Session Laws of 1883. The original articles of association, duly executed, were filed in the office of the Commissioner of Insurance, and in the county clerk's office of Hillsdale county, in 1881.

"2. Article 3 of the articles of association, as executed and filed in 1881, so far as it has any application to the policy in question, reads as follows:

"'Article 3. The objects of this corporation shall be, first, to secure to the family or heirs of any member, upon his or her death, the payment of a sum of money not exceeding $3,000.'

"3. The articles of association were amended on September 26, 1887, to conform to Act No. 187 of the Session Laws of 1887. Article 3 of the amended articles, so far as it has any application to the policy in question, reads as follows:

"'Article 3. The object of this corporation shall be, first, to secure to the family, heirs, creditors, or other persons having an insurable interest in the life of any member, upon his or her death, the payment of a sum of money not exceeding $3,000.'

"4. The certificate of membership, or policy, in question was issued on the twenty-fifth day of September, 1885, upon a written application for the same made by Francis M. Lyon; is numbered number 3,832. A true copy of said application is hereto annexed, marked 'A.' A true copy of said certificate and policy is hereto annexed, marked 'B.'

"5. Lorey E. Lyon was, in her life-time, the wife of Francis M. Lyon. She died on the tenth day of September, 1887, leaving no children or issue of deceased children surviving her. Her husband died on the twenty-first day of November, 1887, leaving no children or issue of deceased children surviving him.

"6. Francis M. Lyon, after the death of his wife, Lorey E. Lyon, and on or about the fourth day of October, 1887, sold and transferred the said certificate of insurance, and executed and signed a notice of such sale and transfer, and forwarded the same to John T. Page, secretary of said company, at Hillsdale, which notice was in the words and figures following:

"'MASON, October 4, 1887.
" 'JOHN T. PAGE,

" 'Secretary of Hillsdale Mutual Benefit Association of Michigan: In consequence of the death of my wife, Lorey E. Lyon, who was beneficiary of policy No. 3,832, issued on my life, and dated ———, this is to certify that I now wish you to change the beneficiary, Lorey E. Lyon, and substitute the name of Simeon N. Rolfe, my brother-in-law, who you will hereafter send notice of assessment, and will pay the same.                    FRANCIS M. LYON.'

" That on the twelfth day of October, 1887, said John T. Page wrote a letter to said Francis M. Lyon, acknowledging the receipt of said note, in the words and figures following:

" 'HILLSDALE, October 12, 1887.
" 'F. M. LYON,

" 'Mason, Mich.

" ' Dear Sir: In reply to your favor of the tenth instant, permit me to say you can assign to Mr. Rolfe, but could not have certificate made to Mr. Rolfe as beneficiary, from the fact he would not, under the law, have an insurable interest in your life.

".'You can, as I state, assign the amount of said certificate to him, and, if you desire the same issued in your name, it can be done, and thus you can make the proper transfer.

" 'JOHN T. PAGE, Secretary.'

" That in pursuance of said letter of instructions from said John T. Page the said Francis executed and delivered to said Simeon T. Rolfe, a formal assignment of said certificate, a . copy of which is hereto attached, marked " C." But the agreement of transfer had existed and had been made by parol at the time of said notice, bearing date October 4, 1887.

" That on the first day of October, 1887, an assessment became due from said Francis M. Lyon on said certificate; that a day or two prior to that time said Francis M. Lyon informed said Simeon N. Rolfe, who was the brother of Lorey E. Lyon, and the brother-in-law of said Francis M. Lyon, that he, said Lyon, should not pay the same, but that, if the said Simeon N. Rolfe should pay assessment, and all others as they became due, said Lyon would sell and convey to him all his right, title, and interest in said certificate, and the money thereby secured; that said Rolfe agreed to said offer, and paid said installment, due October 1, 1887, and thereupon said Lyon did sell and convey said certificate and all his rights therein, and the money secured thereby, as appears by the assignment, a copy of which is hereto annexed, marked " C." And

said Lyon agreed to deliver said certificate to said Rolfe for that purpose. Both said Lyon and said Rolfe looked for the said certificate in the house where the said Lyon was residing, but could not find it. Said Lyon then agreed to find it, and deliver it to said Rolfe, but never did so.

" That said Simeon N. Rolfe has paid all the assessments on said certificate from October 1, 1887, to the death of said Francis M. Lyon, amounting to $4.72.

" There was no other consideration then, as herein stated, for such sale and assignment of said certificate, and said Simeon N. Rolfe was not then a creditor of said Francis M. Lyon.

" 7. It is the custom and practice of the complainant company, although there is no by-law on the subject, to furnish to such members as desire to assign or otherwise change their certificate of membership, blank forms for that purpose, which are as follows:

" ' *Know all men by these presents*, That———, the undersigned, being the legal owner of certificate No.———, issued by the Michigan Mutual Benefit Association of Hillsdale, to ———, of ———, county of ———, state of ———, for a sum not exceeding ——— dollars in amount, for a valuable consideration, do hereby consent and request that said certificate be changed in manner following, viz.: * * * That a new certificate of the same number and date issue in accordance therewith, and the old certificate is herewith and herein surrendered to said association for cancellation from this date.

" ' Dated at ———, this ——— day of ———, 188—.'

" An office charge of one dollar for making the change was required to accompany the application.

" 8. A report was made the complainant company, and information given as aforesaid, of the transfer of the said certificate to Simeon N. Rolfe; but the written assignment of October 24, Exhibit C, was not submitted or sent to the complainant company until after the death of Francis M. Lyon, nor was any fee paid to such company. The original certificate was not delivered up for cancellation by said company; said Francis M. Lyon claiming that he was unable to find the same; and there never was, in fact, any manual delivery of said certificate to said Rolfe, but the same was found among the papers of said Francis M. Lyon at his death, and is now in the possession of the defendant Ransom D. Lyon.

" 9. The defendant Ransom D. Lyon is the father and sole heir at law of Francis M. Lyon, deceased, and is likewise administrator of his estate.

"10. The defendant Simeon N. Rolfe was the brother of the wife of Francis M. Lyon, but was not, and never has been, a member of the family of Francis M. Lyon, nor one of his heirs at law, nor in any manner dependent upon him.

"11. The amount due from the complainant on said certificate No. 3,832, on the death of said Francis M. Lyon, was the sum of $1,804.52.

"12. And the court is asked, upon the foregoing facts, to adjudge and determine who are the proper beneficiaries, and entitled to the money due under said certificate of insurance."

It is not necessary that the exhibits should be set forth in this opinion. It is only necessary to state that the assignment to Rolfe was not upon the form above given, furnished by the association, but was an absolute transfer of all the right, property, interest, claim, and demand in and to the policy, present and prospective.

The facts agreed upon show that Simeon N. Rolfe had no insurable interest in the life of Francis M. Lyon. No person who is not of the class for whose benefit the association was authorized can be a beneficiary. *Ky., etc., Ins. Co. v. Miller,* 13 Bush, 489; *McClure v. Johnson,* 56 Iowa, 620 (10 N. W. Rep. 217); *Nat'l Mut. Aid Association v. Gonser,* 43 Ohio St. 1 (1 N. E. Rep. 11); *Mut. Benefit Association v. Hoyt,* 46 Mich. 473 (9 N. W. Rep. 497).

The statute (How. Stat. § 3949) under which this association was incorporated permitted corporations to be formed—

"For the purpose of securing to the families or heirs of any member, upon his death, a certain sum of money."

Had Francis M. Lyon named Simeon N. Rolfe as his beneficiary in his application, and had a certificate been issued thereon, it would have been void as to said Rolfe (*Mut. Benefit Association v. Hoyt, supra*); and it would not render the transaction valid by Rolfe paying the assessments assessed upon Lyon to the company. What public policy would not sanction when done directly, cannot be enforced when accomplished through indirection. The assignment to Rolfe is sub-

ject to the same rule of construction affecting its legality as would be applied had Lyon, instead of assigning the certificate, surrendered it to the company, and taken a new one naming Rolfe as his beneficiary. *Price v. Supreme Lodge, etc.*, 68 Tex. 361 (4 S. W. Rep. 633); *Warnock v. Davis*, 104 U. S. 775. The rights of Rolfe as assignee are not strengthened by the act of 1887. That act does not affect the question under consideration. The agreed facts state that—

" The articles of association were amended on September 26, 1887, to conform to Act No. 187 of the Session Laws of 1887."

But this action was premature. The law of 1887 did not go into effect until 90 days after the adjournment of the Legislature, and that adjourned on the twenty-ninth of June, at 10 o'clock. Act No. 187 was not in force September 26, 1887. Until a law goes into effect it cannot be noticed or binding at all. *Rice v. Ruddiman*, 10 Mich. 125; *Carleton v. People*, Id. 258.

But if the association had amended their articles after the law went into effect, and previous to the assignment, it would not have aided the claims of Rolfe to the fund. Article 3 of the amended articles states that—

" The object of this corporation shall be, first, to secure to the family, heirs, creditors, or other persons having an insurable interest in the life of any member, upon his or her death, the payment of a sum of money not exceeding $3,000."

Consequently Rolfe did not come within this class.

The assignment being ineffectual to convey any interest to Rolfe, the only question is whether the heirs of Francis M. Lyon are entitled or the heirs of Lorey E. Lyon. The agreement was that the association would, within 60 days after satisfactory proof of the death of Francis M. Lyon, pay—

" To Lorey E. Lyon (wife), heirs, administrators, or assigns, a sum not exceeding $2,000."

Lorey E. Lyon having died before Francis M., the contract became impossible of performance. Her death terminated all contingent interest which she may have had under the certificate. She had no interest or estate previous to his death that she could assign or devise, and there was no estate or interest which could descend to her heirs, or vest in her personal representatives. Nibl. Mut. Ben. Soc. § 262, p. 293; *Given v. Life Insurance Co.*, 71 Wis. 547 (37 N. W. Rep. 817); *Expressmen's Aid Soc. v. Lewis*, 9 Mo. App. 412; *Masonic, etc., Association v. McAuley*, 2 Mackey, 70. Had her husband died first, she could, at any time before payment to her, have assigned her interest, which would by that event have become vested; and, had she died before such payment, without disposing thereof, it would have passed to her personal representatives, and payment could have been made to them. *Union Mut. Aid Association v. Montgomery*, 70 Mich. ——(38 N. W. Rep. 591).

Counsel for her heirs contend that the designation in the certificate designated her heirs as the beneficiary in case of her death before her husband's; and there is much plausibility in this position. But we must put such construction upon the contract as will carry out the intention of the parties within the limitations of the law. The purpose of the law is declared to be the—

"*Securing to the families or heirs of any member, upon his death, a certain sum of money.*"

It is not the intent of the law to secure to the heirs of the beneficiary who is *not a member* the payment of a sum of money. So that, unless the heirs of the beneficiary are at the same time the heirs of the member, the law would not embrace them in its purpose. Had the member and his wife, who is named as a beneficiary, had a child or children living at the time of his death, they would have been both within the letter and spirit of the statute. But they had no chil-

dren, and it was not the design of the statute that the money should pass to her heirs to the exclusion of his. In order to carry out the intention of testators, courts have often held that the word "heirs" means "children." *Bunnell v. Evans,* 26 Ohio St. 409; *Carter v. Reddish,* 32 Id. 1; *Dunn v. Davis,* 12 Ala. 135; *Loving v. Hunter,* 8 Yerg. 4; *Powell v. Glenn,* 21 Ala. 458, 466; *Ellet v. Paxson,* 2 Watts & S. 418; *Roberts v. Ogbourne,* 37 Ala. 174; *Urich v. Merkel,* 18 Penn. St. 332; *Goodel v. Hibbard,* 32 Mich. 47; *Hascall v. Cox,* 49 Id. 435 (13 N. W. Rep. 807); and see note to *Bailey v. Bailey,* 25 Id. (2d ed.) 185.

Had the certificate read that payment should be made on the death of Francis M. Lyon to Lorey E. Lyon, his wife, and, in case she should die before he did, then to Alice Rolfe, her mother, and her brothers and sisters, naming them, it would be seen at once that the latter would not be within the purpose of the statute, any more than if the member had designated any other strangers as his beneficiaries outside of his family and heirs. And such designation of a stranger having no insurable interest has been held void by this and other courts. There being no beneficiary named in the certificate qualified to take, and having no family, the money is payable to his heirs. In this case his father, Ransom D. Lyon, is such heir.

The circuit court in chancery decreed that such payment should be made to him, which is affirmed, with costs.

The other Justices concurred.