CASE 16—ACTION TO DETERMINE THE RIGHT TO A BENEFIT FUND—OCT. 5.

# O'Neal v. O'Neal—O'Neal's Admr. v. O'Neal.

### APPEAL FROM MARION CIRCUIT COURT.

BENEFIT SOCIETIES—DEATH OF BENEFICIARY NAMED.

Held:   Where a member of a benefit society took out a benefit certificate payable to his wife, naming her, and after her death he married again, and died childless, leaving his second wife surviving him, but without having named another beneficiary, the widow is entitled to the benefit fund (under a provision of the charter securing the fund to the "family" of the deceased member), to the exclusion of the father of deceased, who was not a member of his family, or dependent upon him for support, and also to the exclusion of the administrator; it being provided by the charter that in no event shall the fund be liable for any debt of the member.

BEN. SPAULDING, ATTORNEY FOR APPELLANT, MRS. KATE O'NEAL.

1. A Court of Equity should look to the object sought to be obtained by those making a charter granting special privileges. Leaf v. Leaf, 92 Ky., 171; Manning v. Ancient Order United Workmen, 86 Ky., 136; Schellinger v. Boes, &c., 85 Ky., 357; Am. & Eng. Ency. Vol. 16, page 48; Riley v. Riley, 44 Wis. N. W. Rep., 112.

C. S. HILL, ATTORNEY FOR APPELLANT.

1. Section 162 of the Constitution of the order provides that in the event of the death of all beneficiaries, selected by the member before the decease of such member if he shall make no other or further disposition thereof, the benefit shall be paid to the heirs of the deceased member.

2. We must therefore look to the statute laws of Kentucky to know who are the heirs, and how they take under the statute.. Basey v. Adams, 31 Ky., 377.

3. A life policy is personal property for all intents and purposes, A policy is not a testament, but it is in the nature of a testament, and the court should construe it as far as possible as a will—79 Ky., page 228.

H. P. COOPER, ATTORNEY FOR APPELLEE.

1 The benefit certificate in controversy was taken out by decedent for the benefit of his wife, Elizabeth, who was then living.

After her death, he married his second wife, Kate O'Neal, who survives him and now claims to be the beneficiary, but never at any time did the husband apply for or indicate a desire to have his second wife's name entered in the benefit certificate as his beneficiary.

2. Appellee Ben O' Neal, being the only surviving parent of the deceased member and the defendant, Kate O'Neal, being a widow of the deceased member, they were under sec. 2132 Ky. Stats., each entitled to one-half of the fund in controversy. 79 Ky., 229; Duvall v. Goodson; By Laws secs. 6, 161 & 162 of the order.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

In 1882, Henry O'Neal procured from the Catholic Knights of America a benefit certificate for $2,000, payable at his death to his wife, Elizabeth O'Neal. In 1891 Elizabeth O'Neal died without leaving children surviving her, and in 1893 Henry O'Neal married the appellant Kate O'Neal. After the death of his first wife, who was named as the beneficiary in the certificate, he continued to pay the premiums, but named no other beneficiary. In 1898 he died intestate and childless, leaving surviving him his father, the appellee Benjamin O'Neal, and his wife, the appellant, Kate O'Neal. Subsequently thereto, in January, 1899, the Catholic Knights of America instituted this suit, making the father and wife and the administrator of decedent defendants, and recited that the administrator claimed the fund due from the company for the benefit of the estate of the deceased, while the father and widow each claimed the right to receive the whole of the $2,000 due by the company, and asked the court to adjudge to whom the fund belonged and should be paid. Each defendant answered, asserting title and ownership to the fund, and it was adjudged by the circuit court that the $2,000 fund should be paid equally to the father and wife of the deceased, and from that judgment the administrator of decedent appeals, and the wife also appeals from

so much of the judgment as holds the father of her de-
ceased husband entitled to one-half of the fund.    The cor-
poration known as the "Supreme Council Catholic Knights
of America," was incorporated by the Legislature in an
act approved April 30, 1888.    The second section of the
original act defines the object of the corporation to be
"to unite fraternally all acceptable Catholics of every pro-
fession, business and occupation; to give all possible moral
and material aid in its power to members of the organiza-
tion, by holding instructive and scientific lectures, by en-
couraging each other in business and assisting each other
to obtain employment; to establish and maintain a bene-
fit fund from which a sum not to exceed two thousand
dollars shall be paid at the death of each member to his
family or be disposed of as he may direct."    Section 7 of
the charter provides:    "That the said supreme council
shall have the power to create, hold and disburse the
funds named in the object of the corporation for promot-
ing benevolence and relieving the sick and distressed,
under such regulations as it may deem necessary to adopt;
and said fund shall be exempt from execution, and shall
under no circumstances be liable to seizure or appropria-
tion by any legal or equitable process for any debt or debts
of any of its living or deceased members."    It is provided
by section 162 of the Constitution or by-laws of the or-
ganization that, "in event of the death of all of the
beneficiaries selected by the members before the decease
of such member, if he shall make no other or further dis-
position thereof, the benefit shall be paid to the heirs of
the deceased member."

"The charter of the company prescribes who shall be-
come members of the corporation, their obligations, and
who shall become the beneficiaries of the members after

their death; and it is not in the power of the company, or of the member, or of both, to alter the rights of those who by the charter are declared to be the beneficiaries, except in the mode and to the extent therein indicated." See Insurance Co. v. Miller's Adm'r, 13 Bush, 494. Section 2 of the charter of the company provides that a sum not to exceed $2,000 should be paid at the death of each member to his family, or be disposed of as he may direct. Henry O'Neal had a right, by virtue of his contract with the company and under this provision of its charter, after the death of his first wife, to have designated another beneficiary of the sum provided by the benefit certificate. Having failed to exercise this right, the fund, under the provisions of the charter of the company, belonged to his family. "An important difference between the ordinary insurance companies and benefit societies consists in the fact that the beneficiary of the latter are generally limitited and restricted to the family, heirs, and dependents of the insured, and these restrictions of the charter must be observed in making contracts, and the society has no power to go beyond them." See 16 Am. & Eng. Enc. Law, p. 46. If, as contended, the heirs of a deceased include persons who are not members of his family, or who are not dependent upon him for support, then the by-law in question conflicts with the provision of the charter, and is inoperative, and can not prevail over the unequivocal provisions of the charter securing the fund to the family of the deceased. The question, then, to be determined, is, who is the surviving family of the deceased? Webster defines the word "family" as "a group composed of the husband, wife and children," and, in the popular interpretation of the meaning of the word, the wife or mother is always the central and important member of the fam-

ily, about whom every domestic interest centers.    In the
case of Schillinger v. Boes, 85 Ky., 357, (3 S. W., 427),
the husband took out benefit certificates payable to "his
wife, Katherine Boes," and it was claimed that the fund
belonged to the wife, and was liable for her debts, and the
chancellor adopted that view, and subjected her share to
the payment of her debts.    But this court held that the
fund, although payable to the wife, was for the benefit of
the family of the member.    The court said:    "The bene-
ficiary fund in this order is created for the relief of the
members and their families, and by the organic law of the
order that necessarily enters into and becomes a part of
the certificate.    The order is required to disburse this
beneficiary fund for the benefit of the family of the mem-
ber as well as the member himself.    It may be that the
member may name a particular member of his family to
whom he desires the money paid and the certificate issued,
but when issued to the wife it follows that it is for the
benefit of the members of the family."    In the case of
Riley v. Riley, decided in the Supreme Court of Wiscon-
sin, and reported in 44 N. W., 112, the action was against
the Masonic Benefit Association, an incorporated company
carrying on the business of life insurance on the mutual
benefit plan.    In that case Robert Riley had taken out
a certificate of insurance payable to his wife, Elizabeth
Riley, or such other person as might be entitled to receive
the insurance.    The beneficiary died leaving the husband
and children surviving.    Subsequently the husband mar-
ried the plaintiff in that action, and died intestate.    The
question was, who was entitled to the insurance money,—
the plaintiff, who was his widow, or the children by his
first wife?    The court said:    "The plaintiff is Riley's wid-
ow, and it is the widow who is to have the avails of the

policy where the insured had given no other direction as to the person to whom it is to be paid. The declared object of the association is to afford aid to the widow and orphans. The second wife, having lost her husband, may be as meritorious as the first wife, left a widow. Suppose the husband had survived both wives, having no children by the first, but leaving children by the second; could it be claimed with any reason that these children would not be entitled to the insurance money? It might be argued with as much consistency that it was not intended the insurance should be paid them as is now insisted that it should not be paid to the widow of the second marriage. Such a refinement upon language is not to be indulged in in the construction of these policies, which are usually drawn by business men, who use language in its common meaning." And it was held that the widow, and not the children, was entitled to the insurance money. In the case of Given v. Insurance Co. (Wis.) 37 N. W., 817, the certificate was to be paid to "Sarah Given, my wife." Sarah died, her husband surviving her. He made no change as to the beneficiary, but married again. He afterwards died, leaving plaintiff as his widow by the second marriage. He had two children by his first wife and one by his second. It was held that the appointment of the first wife as beneficiary was revoked by her death, and that the widow by the second marriage was entitled to the insurance under the provisions of the charter. In the case of Arthars v. Baird, 8 Pa. Co. Ct. R., 67, it was held that the member's wife was preferred to his mother, within the meaning of the laws of a benefit society, provided that care must be taken to see that the person or persons of a member's family are the ones to be named as his beneficiaries. We are of the opinion, therefore, that the widow of the de-

ceased member, he having died childless, is entitled to the proceeds of the benefit certificate, to the exclusion of the father, who was not a member of his family, or in any wise dependent upon him for maintenance or support. The claim of the administrator of the deceased member to any portion of the proceeds of the benefit certificate is in direct conflict with section 7 of the charter, which expressly stipulates that, under no circumstances, shall the fund be liable to seizure or appropriation by any legal or equitable process for any debt or debts of any of its living or deceased members. For reasons indicated, the judgment is reversed on the appeal of Kate O'Neal, v. Benjamin O'Neal, but affirmed on the appeal of Henry O'Neal's Adm'r. v. Kate O'Neal, and the cause is remanded for proceeding consistent with this opinion.