DOLAN v. SUPREME COUNCIL CATHOLIC MUTUAL BENE-FIT ASS'N.

1. LIFE INSURANCE — CONTRACT — WHERE MADE — CONFLICT OF LAWS.
    A policy of insurance issued in Michigan by a mutual benefit association organized under the laws of another State having a branch in Michigan is a Michigan contract.[1]

2. SAME—BENEFICIARIES —INSURABLE INTEREST — PUBLIC POLICY.
    Public policy does not forbid an insured selecting as his beneficiary one not having an insurable interest in his life.

3. SAME—MUTUAL BENEFIT INSURANCE — SELECTION OF BENEFICIARY—CHANGE OF BY-LAW.
    Where the designation of a beneficiary having no insurable interest in the insured's life was not prohibited by the association's by-laws when made, the subsequent adoption of a by-law prohibiting such designations, not indicating that it is intended to apply to designations already made, will not invalidate such designation.

Error to Wayne; Donovan, J. Submitted June 12, 1907. (Docket No. 39.) Decided October 4, 1907. Re-

---

[1] For conflict of laws as to insurance contracts, see note to *Johnson* v. *Mutual Life Ins. Co.* (Mass.), 63 L. R. A. 833.

hearing granted April 1, 1908; reargued April 7, 1908. Former opinion vacated May 1, 1908.

Assumpsit by Rose Dolan against the Supreme Council of the Catholic Mutual Benefit Association on a policy of insurance. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Frederic T. Harward* and *Henry C. L. Forler,* for appellant.

*Keena, Lightner & Oxtoby,* for appellee.

Defendant is a mutual benefit association organized under the laws of the State of New York. On the 24th of March, 1884, it insured the life of James Dolan, one of its members. The certificate or policy of insurance named Anna Dolan, the wife of the insured, beneficiary. Anna Dolan having died, the insured on the 13th of March, 1900, took out a new certificate of insurance, in which one August Guerold was named as beneficiary. Said Guerold bore no relationship whatever to the insured. James Dolan died October 7, 1904. Rose Dolan, the plaintiff in this suit, is his only surviving sister, and under the laws of defendant's order is entitled to recover if the designation of Guerold as beneficiary is illegal, imperfect, or inoperative.

There was nothing in defendant's laws prior to 1903 prohibiting the insured making Guerold his beneficiary, and such designation was lawful under the laws of the State of New York where it was incorporated. *Sabin* v. *Phinney,* 134 N. Y. 423; *Levin* v. *Ritz,* 41 N. Y. Supp. 405. Subsequently, however, in 1903, and before Dolan's death, the defendant order adopted a by-law which, if applicable, prohibited the designation of Guerold as beneficiary. That by-law reads:

"Any member shall have the right and power to designate any one or more of the following class or classes of

persons to receive his beneficiary fund in case of his death, to wit: his wife, his children or any child by legal adoption, his father, mother, brothers or sisters, blood relations, or persons dependent upon him for maintenance, sustenance and support, and no other person or classes of persons shall be named."

Under the laws of defendant order the insured had a right at any time to change his beneficiary, and it is to be inferred that all the premiums for the insurance were paid by the insured.

Defendant paid the insurance to Guerold October 28, 1904, and refused thereafter to pay it to plaintiff. Subsequently this suit was instituted. The foregoing facts were established by the testimony. A verdict was directed in defendant's favor. We are asked to reverse the judgment entered thereon. Two questions are raised.

*First.* Had the insured in 1900 a lawful right to designate Guerold as his beneficiary?

*Second.* Assuming that the insured had a right in 1900 to designate Guerold as his beneficiary, was he deprived of that right by the enactment of the by-law in 1903?

CARPENTER, J. (*after stating the facts*). *First.* Had the insured a lawful right to designate Guerold as beneficiary? Plaintiff contends that he had not; that he was prohibited from doing this upon grounds of public policy. If the contract in question were a New York contract, and its lawfulness determined by the law of that State, we should be forced to deny this contention, for the courts of that State, as heretofore stated, have determined this question adversely to plaintiff. The contract in question, however, is—and this is now conceded by defendant's counsel—a Michigan contract. Its lawfulness is to be determined by the laws of Michigan. When this case was first presented to us, we reached the conclusion that according to the laws of Michigan, as determined by the decisions of this court, the designation of Guerold as beneficiary was forbidden upon grounds of public policy.

We were led to doubt the correctness of this determination and therefore granted a rehearing.

There is no doubt that Guerold had no insurable interest in the life of Dolan, and had he himself obtained the insurance under consideration, the contract would have been a wagering one and void on the ground of public policy. *Smith* v. *Pinch,* 80 Mich. 332; *Mutual Benefit Ass'n* v. *Hoyt,* 46 Mich. 473; *Michigan Mutual Benefit Ass'n* v. *Rolfe,* 76 Mich. 146; *Metropolitan Life Ins. Co.* v. *O'Brien,* 92 Mich. 584. The insurance in question was not however obtained by Guerold. It was obtained by Dolan, the insured. It is to be inferred that Dolan, not Guerold, paid the premiums on the policy. Dolan had the right at any time to change the beneficiary named in his certificate. The question presented, therefore, is not whether a stranger may insure the life of another, but it is whether that other may himself insure his own life in favor of a stranger. ( By "stranger" I mean any one not having an insurable interest in the life.)

In Niblack on Mutual Benefit Societies (1st Ed.), § 177, it is said:

" It is well settled that a policy of insurance, taken out on the life of another by a beneficiary who has no pecuniary interest in the continuance of the life so insured, is a wagering contract and void. This rule is as applicable to a contract of insurance issued by a mutual benefit society as to those issued by ordinary insurance companies. A person may, of his own accord, insure his life, pay the premiums himself, and make the policy payable upon his death to a third person who has no insurable interest in his life."

To the same effect are the decisions of the Federal courts.

In *Warnock* v. *Davis,* 104 U. S. 775, it was decided that the same rule of public policy which prohibited a stranger taking out insurance on the life of another prohibited his being the assignee of a policy secured by the insured himself. Justice Brown of the Supreme Court of the United States, in referring to *Warnock* v. *Davis* in *Langdon* v. *Insurance Co.,* 14 Fed. 272, says:

"It is now well settled in the Federal courts that a party cannot take out an insurance upon his own life and assign the policy, either contemporaneously with its execution or subsequently, to a person having no legal interest in his life. * * * But there is no case, to my knowledge, which holds that a party may not insure his own life and make the policy payable to any one he may select, though such person have no legal interest in his life."

In *Lamont* v. *Grand Lodge*, 31 Fed. 177, Justice Shiras, of the Supreme Court of the United States, says:

"Where a third party, without any insurable interest in the life of another, procures a policy of insurance on the life of such person, either by having a policy issued directly to himself, or by having the person whose life is insured take out a policy to himself, and then assign it, these facts, as is held in *Warnock* v. *Davis*, supra, conclusively show that the transaction is a mere speculation on the life of another, and as such is contrary to public policy, and therefore void. * * * Public policy requires that a person having no insurable interest in the life of another shall not be permitted to speculate on such life and thereby become interested in its early termination; but public policy does not forbid a person from in good faith making provision for the future of another in whom he may be interested, even though the latter may not have an insurable interest in his life."

To the same effect are the decisions of the supreme court of Pennsylvania. In *Downey* v. *Hoffer*, 110 Pa. 109; referring to *Scott* v. *Dickson*, 108 Pa. 6, it is said:

"A man may insure his own life and direct that the insurance money be paid to anybody he pleases—whether that person has any insurable interest or not—the insured paying the premiums. There is nothing speculative either in the origin or continuance of such a contract, as long as the insured keeps it within his own control and pays the premium himself, but it is a different case when he assigns the policy out and out to one having no insurable interest."

Says the supreme court of Kentucky, in *Hess* v. *Segenfelter*, 105 S. W. 476:

"All the courts of last resort, with possibly one exception, and the text-writers on insurance generally, are agreed that a person may take out insurance upon his own life and designate whom he pleases as the beneficiary."

Says the supreme court of Georgia, in *Union Fraternal League* v. *Walton*, 109 Ga. 1 (46 L. R. A. 424):

" Beyond all controversy, a man has an insurable interest in his own life, and we fail to see, when, having that interest, he enters into a contract with an insurer, by which, for a stipulated sum, which he periodically pays, the insurer becomes liable to pay a given sum of money at the death of the insured, why he who is most interested, whether actuated by ties of relationship, motives of friendship, gratitude, sympathy, or love, may not make the object of his consideration the recipient of his own bounty. If it be replied that a temptation is extended to the beneficiary by improper means to hasten the time when he should receive the amount of the policy—and it is for this reason that such contracts will only be upheld when the idea of temptation is rebutted by the natural ties of blood or affinity—we might well ask ourselves why executory devises, bequests, provisions for support and maintenance provided for friends and even strangers, are not subject to the same inhibition as being against public policy."

The authority of these cases and their reasoning warrants the statement that the rule of public policy which forbids one insuring a life in which he has no insurable interest, does not prevent his being made a beneficiary in an insurance policy secured by the insured. And it should be added, too, that for the purpose of determining whether the transaction is prohibited, courts in accordance with well-settled principles will look not at its form, but at its substance. Thus, insurance obtained in the name of the insured payable to one having no insurable interest will be void if the beneficiary was the real party to the contract. Elliott on Insurance, § 59.

It is contended by plaintiff that this court is not at liberty to apply the foregoing principles in this case. It is insisted that we have already rejected them. It is insisted that we rejected them in *Mutual Benefit Ass'n* v.

*Hoyt*, 46 Mich. 473; *Michigan Mutual Benefit Ass'n* v. *Rolfe*, 76 Mich. 146; *Smith* v. *Pinch*, 80 Mich. 332; and *Metropolitan Life Ins. Co.* v. *O'Brien*, 92 Mich. 584, and in those cases decided that upon grounds of public policy one is forbidden to select as a beneficiary in a policy secured by him one who has no insurable interest in his life. It is true that in each of these cases the insurance was applied for by the insured, and in each of them under the circumstances disclosed it was decided that the plaintiff who had no insurable interest in the life of the insured could not recover.

On the former hearing of this case we were of the opinion that these cases sustained plaintiff's contention, and we so decided. In so doing we failed to perceive and properly apply the distinction herein pointed out between insurance procured by the insured and insurance procured by the beneficiary. Examining those cases with that distinction in mind, we are of the opinion that not one of them is authority for the broad proposition that public policy forbids the insured designating as a beneficiary in a policy secured by him one having no insurable interest in his life.

In *Mutual Benefit Ass'n* v. *Hoyt*, the beneficiary, Hoyt, not the insured, paid the premiums. The real party to the contract was the beneficiary, not the insured. As was said of that case in *Carmichael* v. *Benefit Ass'n*, 51 Mich. 496: "The whole transaction was palpably colorable and fraudulent."

*Smith* v. *Pinch* was the authority which seemed to us the strongest in support of plaintiff's position. This case, though perhaps less reprehensible from a moral point of view, was in all essential legal particulars precisely like the *Hoyt Case*. Both the *Hoyt Case* and the *Pinch Case* are then cases where the insurance, though in form procured by the insured, was in reality procured by the beneficiary, who had no insurable interest.

In *Michigan Mutual Benefit Ass'n* v. *Rolfe*, 76 Mich. 146, the insured made an absolute assignment of a policy

upon his life to one having no insurable interest therein. This, the court decided, was forbidden by the statute under which the insurance company issuing the policy there in question was incorporated.

*Metropolitan Life Ins. Co.* v. *O'Brien*, 92 Mich. 584, is similar to the *Rolfe Case*, though Mrs. O'Brien, the assignee in that case, became also the beneficiary. The assignment there was absolute and the assignee paid all the premiums thereafter. It was held that Mrs. O'Brien was not a lawful beneficiary. The reasoning of the court is as follows:

"The beneficiary named must, by clause 5 [the clause in the insurance policy], be a relative by blood or marriage, or in a position to expect some benefit or advantage from the continuance of the life of the insured, or the contract is a wagering one, and void on the ground of public policy. *Michigan Mutual Benefit Ass'n* v. *Rolfe,* 76 Mich. 151; *Mutual Benefit Ass'n* v. *Hoyt*, 46 Mich. 473. By the terms of the certificate attempting to nominate Mrs. O'Brien as the beneficiary, it appears that she did not sustain such a relation to the insured as to entitle her to be named as the beneficiary. She is therein described as the wife of the partner of the insured. She was not, therefore, entitled to hold under the nomination as beneficiary."

I confess to a difficulty in understanding the ground of this decision. It is not however authority for the proposition that one insuring his life cannot designate as a beneficiary one having no insurable interest therein. That proposition was not presented, for there was an absolute assignment of the policy, and cases where there is an absolute assignment of the policy to one having no insurable interest are to be distinguished from cases where the insured selects the beneficiary. See *Langdon* v. *Insurance Co.*, 14 Fed. 272; *Lamont* v. *Grand Lodge*, 31 Fed. 177; *Downey* v. *Hoffer*, 110 Pa. 109, heretofore referred to. Nor can it be fairly said that the court stated that one having no insurable interest could not be designated by the insured as his beneficiary. The language

152 Mich.—18.

quoted indicates at most that this is true when such selection is prohibited by other provisions of the contract. Mr. Cooley in his Briefs on the Law of Insurance, p. 255, cites this case as an illustration "that the rule allowing the insured to designate as beneficiary one having no insurable interest must give way to positive provisions of the contract to the contrary." Perhaps this is the correct ground of the decision. Of this I entertain a doubt, for I think it might have been said that the insurance company, by contracting to pay Mrs. O'Brien with the knowledge—and it had such knowledge—that she was without the class who could be beneficiaries, thereby agreed to waive the requirements of clause 5 which excluded her as a beneficiary. I am unable to see how, under the circumstances disclosed in that case, a holding that the contract to pay Mrs. O'Brien was void could be properly based on clause 5, standing alone.

I conceive the true ground of the *O'Brien* decision to be this—and this is placing upon it the construction most favorable to plaintiff — that as Mrs. O'Brien had no insurable interest whatever in the life of the insured, and as she was the absolute owner of the policy, the contract was a wagering one and void on the ground of public policy. Under this construction — and I confess its correctness is not free from doubt—the *O'Brien Case* merely decides that one not having an insurable interest is forbidden on grounds of public policy from becoming the absolute assignee of a policy of insurance secured by the insured. So construed, the case is distinguishable from the one under consideration by the reasoning of *Langdon* v. *Insurance Co.* and *Downey* v. *Hoffer*, supra.

No other case decided by this court need be considered, for no other case contains anything more than dictum— some of which are favorable to plaintiff and some favorable to defendant—touching the question under consideration. There is nothing in those cases to justify the statement that this court has *decided* that one insuring his own life may not lawfully designate as beneficiary

another having no insurable interest therein. We are therefore free to approve the rule almost universally recognized outside this State—the rule which we conceive to be the true rule—that public policy does not forbid an insured selecting as his beneficiary one not having an insurable interest in his life. It follows therefore that the insured in this case had a lawful right to designate Guerold as his beneficiary.

*Second.* Did the by-law enacted in 1903 deprive the insured of the right—a right which he had already exercised—to designate Guerold as his beneficiary? Does that by-law apply to a designation already made, or is it confined in its application to designations to be thereafter made? That depends upon its proper construction. Its language does not indicate that it applies to designations already made. Indeed, it would be a strained construction to hold it so applicable. That construction could be adopted only because it is required by some presumption. But the presumption is exactly to the contrary. *Davis* v. *Railroad Co.*, 147 Mich. 479; 1 Bacon on Benefit Societies and Life Insurance (3d Ed.), § 187. We conclude that the by-law has no application in this case.

Judgment affirmed.

BLAIR, MONTGOMERY, OSTRANDER, HOOKER, MOORE, and McALVAY, JJ., concurred.