EDWARD BETTLE, JR., ET AL., APPELLEES, V. JOHN F.
TIEDGEN ET AL.; JOHN REIMERS, APPELLANT.

FILED OCTOBER 22, 1909.   No. 16,169.

1. **Appeal: LAW OF CASE.** On appeal to the supreme court, the deter-
mination of a question becomes the law of the case, and ordinarily
will not be reexamined on a subsequent appeal in the same case.

2. **Mortgages: ASSIGNMENT: PAYMENT: ESTOPPEL.** Where a mort-
gagee assigned the mortgage as collateral security, and after-
ward received payment of the debt, but failed to turn it over
to the assignee, the landowner who made the payment with con-
structive notice of the assignment cannot defeat foreclosure, on
the ground that the assignee ·is estopped to deny mortgagee's
agency for the purpose of collecting the debt, without proving
the agency or facts constituting an estoppel.

APPEAL from the district court for Madison county:
ANSON A. WELCH, JUDGE. *Affirmed.*

*A. M. Post* and *O. A. Abbott,* for appellant.

*Francis A. Brogan, contra.*

ROSE, J.

This is a suit to foreclose a mortgage for $3,200 on 320
acres of land in Madison county. The Omaha Loan &
Trust Company was mortgagee. As collateral security
for its debentures, it assigned the mortgage and the note
secured thereby to its trustee, the Boston Safe Deposit &
Trust Company, and the trustee sold them to plaintiffs
under the terms of the contract creating the trusteeship.
Defendant John F. Tiedgen was mortgagor. Subject to
the mortgage lien, defendant John Reimers acquired title
to the land, and pleaded and proved that he paid the
amount of the debt and interest to the original mortgagee.
The latter, however, soon became insolvent, and the pay-
ment never reached the holders of the note and mortgage.
The district court entered a decree of foreclosure, and the
controversy is presented on an appeal by Reimers. The

case was here before, and the facts are more fully stated in a former opinion. *Bettle v. Tiedgen*, 77 Neb. 799.

It is conclusively shown that mortgagee formally assigned the mortgage to the Boston Safe Deposit & Trust Company, and that the assignment was duly recorded in the office of the register of deeds in Madison county before appellant made the payment on which he relies as a defense. He nevertheless insists he had no actual notice of the assignment, and that he is not bound by the notice imparted by the public record mentioned. An adverse ruling announced in two earlier opinions is now the law of the case. *Bettle v. Tiedgen*, 77 Neb. 795, 799. Having procured on his former appeal a decision that he is bound by constructive notice of mortgagee's assignment, that question is not now open to controversy. *Porter v. State*, 73 Neb. 792.

Appellant also argues that mortgagee, for the purpose of collecting the debt, was the agent of the owner of the mortgage, and that plaintiffs and their assignors are estopped to deny such agency. These doctrines were invoked by appellant on former hearings on the first appeal, and it was held that neither agency nor estoppel was pleaded in the answer. When the cause was remanded, however, appellant had an opportunity to plead the facts constituting those defenses and to support them by proof. After the answer had been amended, the testimony admitted at the first trial, with some additional proofs, was considered at the second trial. In considering this appeal, all the evidence adduced at both trials has been carefully examined. The contract showing the nature of the business relations between the two trust companies appears in the record. Officers and employees of both were interrogated in relation to the course of business between the two companies, and testified to the transactions involved in this suit, but there was proof of no fact which would justify a finding that an agency existed for the purpose of making collections or that plaintiffs were estopped to deny such agency. On the contrary there is convincing

proof that the Omaha Loan & Trust Company was not permitted to withdraw any of its collateral until after it had furnished the Boston Safe Deposit & Trust Company an equivalent in other securities or money. In entering the decree of foreclosure, therefore, the trial court pursued the only course open to a court of equity.

It follows that the judgment must be

AFFIRMED.