AMANDA PRINGLE, APPELLEE, V. MODERN WOODMEN OF AMERICA, APPELLANT.

FILED SEPTEMBER 26, 1910. No. 16,110.

1. **Insurance Certificate:** CONSTRUCTION AND ENFORCEMENT: LAW GOVERNING. In a suit on a fraternal beneficiary certificate issued by an association organized under the statutes of Illinois and transacting business in Nebraska, under the laws thereof, through local camps, the certificate will be construed and enforced according to the laws of Nebraska, where it was signed and delivered in this state by officers of a local camp pursuant to by-laws of the association.

2. **Appeal:** LAW OF CASE. On appeal to the supreme court, the determination of a question becomes the law of the case, and ordinarily will not be re-examined on a subsequent appeal in the same case.

APPEAL from the district court for Deuel county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Benjamin D. Smith, Talbot & Allen* and *W. H. Thompson,* for appellant.

*Wilcox & Halligan, contra.*

ROSE, J.

This is a suit on a 2,000-dollar beneficiary certificate issued June 30, 1900, by defendant, a fraternal beneficiary association, to Frank W. Pringle for the benefit of his mother, the plaintiff. The certificate provides that it shall become null and void in the event of assured's conviction of a felony. When he was a member of the association he was convicted of horse-stealing, and he died in the penitentiary September 6, 1901. The case was tried without a jury, and the trial court held that assured's conviction forfeited his certificate and membership. For

this reason, the action was dismissed. On appeal to this court from the judgment of dismissal, it was held that the forfeiture had been waived by reason of the following facts which were pleaded and proved by plaintiff: "It appears that Frank W. Pringle became a member of the defendant association in May, 1900, and the benefit certificate in question was issued and delivered to him on the 30th day of June, of that year. He paid all of his dues and assessments up to and including the 15th day of April, 1901, when he was convicted of a felony. He was, up to that time, a member of the association in good standing, and, desiring to continue so and keep his certificate in force for the benefit of his mother, he, together with the clerk of his local camp, examined the by-laws of the order for the year of 1897, which were then in the hands of that officer and were the only by-laws to which they had access, but found nothing therein to prevent him from keeping up his payments and retaining his membership. He thereupon deposited with the clerk a sum of money sufficient to pay his dues and assessments for some months, with instructions to forward the same to the head camp as required. When the money so left with the clerk was exhausted, the beneficiary was notified of that fact, and she thereafter continued to make the necessary payments until after Pringle's death, which occurred on the 6th day of September, 1901. It further appears that he was buried under the auspices of the order by the local camp, with full knowledge on the part of the members thereof of the foregoing facts." *Pringle v. Modern Woodmen of America,* 76 Neb. 388. The clerk of the local camp remitted the required sums monthly to the head camp, and testified that the governing body knew of assured's conviction. *Pringle v. Modern Woodmen of America,* 76 Neb. 384, 388. On the facts stated, this court held that the forfeiture was waived, and consequently the dismissal was reversed. When the case was retried below, plaintiff recovered the full amount of her claim, and from the judgment in her favor defendant has appealed.

Plaintiff argues there is no merit in this appeal for the following reasons: Whether defendant waived the forfeiture resulting from assured's conviction was the only question determined on the former appeal, and the same question is now presented on a record containing no material change in the issues or proofs. If this position is well taken the judgment must be affirmed, under the oft repeated rule that on appeal the supreme court's determination of a question becomes the law of the case, and ordinarily will not be re-examined on a subsequent appeal in the same case. *Bettle v. Tiedgen,* 85 Neb. 276. Defendant, however, insists that it is not concluded on this appeal by the former decision, because the answer, after the remanding of the case, was amended to plead the laws of Illinois and to allege that the certificate is an Illinois contract, while the certificate was treated on the former appeal as a Nebraska contract. It is now argued by defendant that the result will be different, if the contract is construed according to the laws of Illinois. The amended answer states: "Defendant further alleges that it now is, and was at all of said times, a fraternal beneficiary association as defined by the statutes of the state of Nebraska relating to fraternal beneficiary associations. * * * And that it has complied in all respects with the provisions and regulations contained in said Nebraska statutes relative to fraternal beneficiary associations, organized in other states, applying for admission to transact business in the state of Nebraska, and that it now is, and was at all of the times in plaintiff's amended petition mentioned, duly authorized to transact its said business in the state of Nebraska as a fraternal beneficiary association under the provisions of chapter 47 of the laws of 1897, and that the benefit certificate herein sued on was issued by the defendant in the regular course of its business in the state of Nebraska, and in strict compliance with the laws of said state relating to fraternal beneficiary associations, and subject to all the provisions contained in said statutes aforesaid." The answer also admits that the

copy of the certificate attached to plaintiff's petition is correct. The certificate thus pleaded bears the following indorsement: "Member adopted and certificate delivered this 30th day of June, 1900. H. H. Hugh, Consul. August Sudman, Clerk, Oshkosh Camp, No. 4990, M. W. A."

It thus appears by defendant's own pleading that the certificate "was issued by the defendant in the regular course of its business in the state of Nebraska," and that it was signed and delivered in Nebraska by the officers of the local camp. In certifying to the adoption of assured and in delivering the certificate the local officers acted under the by-laws of the association. Notwithstanding allegations to the effect that the certificate is an Illinois contract, the record therefore shows that it is a Nebraska contract, enforceable according to the laws of this state. *Dolan v. Supreme Council Catholic Mutual Benefit Ass'n,* 113 N. W. (Mich.) 10, 116 N. W. 383, 152 Mich. 266; *Johnson v. Mutual Life Ins. Co.,* 180 Mass. 407, 63 L. R. A. 840, note 4. In this respect the issues and proofs are the same as on the former appeal.

The evidence on both trials was the same, except it was agreed at the second trial that the by-laws pleaded in the amended answer were duly filed in the office of the auditor of public accounts and published in defendant's official paper. It was pleaded in the original answer that assured had knowledge of the by-laws, and that they were duly filed in the office of the auditor of public accounts. Plaintiff made no question on either trial as to the filing of the by-laws in the office of the auditor of public accounts. There is no material change in the issues or proofs, and the former holding is on this appeal the law of the case.

AFFIRMED.