WILLIAM SMITH ET AL. v. BENJAMIN W. PINCH ET AL.

*Mutual benefit associations—Life insurance—Wager—Public policy —Accounting.*

1. Act No. 187, Laws of 1887, revising the laws providing for the incorporation of co-operative and mutual benefit associations, only applies to corporations organized under it, and cannot be

---

[1] The charter provided for posting the notice in some conspicuous place upon the property intended to be taken.

made to apply to insurance contracts made or attempted to be made prior to its enactment.

2. A contract of insurance upon a life in which the beneficiary has not an insurable interest is a wager upon the life of the assured, and void as against public policy.

Appeal from Calhoun. (Hooker, J.) Argued April 18, 1890. Decided April 25, 1890.

Bill for an accounting for money paid on a life-insurance policy. Complainants appeal from decree dismissing bill. Decree affirmed. The facts are stated in the opinion.

*Jesse M. Hatch* and *John C. Patterson,* for complainants.

*Shriner & Fox,* for defendants.

CHAMPLIN, C. J. This case comes before us upon a general demurrer for want of equity to the complainants' bill of complaint.

The bill is filed by the heirs at law and the administrator of Abigail Smith, deceased. It charges that the Old Peoples' Mutual Benefit Society of Elkhart, Ind., a corporation of the state of Indiana, and doing business in Michigan, on August 1, 1883, issued a policy of insurance upon the life of Abigail Smith, then residing in Lee, Calhoun county, Mich., insuring her life for the sum of $3,000, payable upon her death to Elvira Smith, of Walton, Eaton county, and that Abigail Smith died October 18, 1887.

The bill further states and charges that Elvira Smith was a daughter-in-law of Abigail Smith, but that Abigail was not a member of Elvira's family, nor dependent upon her for support, nor a debtor, and that Elvira Smith had no insurable interest whatever in the life of Abigail Smith.

That at the time the application was made and policy issued Abigail Smith was over 70 years of age, and was incompetent and incapable, in law, of making contracts, and was then under guardianship; and that she never made or signed the application for insurance, and never paid any of the premiums, but such premiums were paid by said Elvira Smith and Benjamin W. Pinch.

That since the death of Abigail the heirs at law and administrator have claimed the money due on said policy, and have notified the insurance company not to pay it to any other persons; yet, notwithstanding, the said company has paid the moneys due and payable upon such insurance policy to Elvira Smith or Benjamin W. Pinch, her assignee, agent or attorney, and he now holds the same, and refuses to pay it over to the heirs at law of Abigail Smith, or to her administrator. It further states that the contract of insurance was made and executed in the State of Michigan, and by the charter and by-laws of the company Abigail Smith then and there became a member of the society, and possessed of all the rights and privileges of the society for herself and personal representatives, heirs, and assigns.

The Legislature of 1887, by Act No. 187, passed an act to revise the laws providing for the incorporation of co-operative and mutual benefit associations; which law went into effect on September 26, 1887. Section 16 of this act provides that corporations organized, existing, or doing business in this State under or by virtue of the provisions of that act should not issue any policy or certificate of membership upon the life of any person over the age of 65 years, nor upon any person not capable, in law, of making contracts, nor upon any life in which the beneficiary named has not an insurable interest; nor unless the person whose life is proposed for insurance shall have made and signed an application for such cer-

tificate or policy. There are other restrictions and regulations in the section, and it contains the provision following:

"Any certificate or policy issued in violation of the above provisions shall be void as to the beneficiary therein named; but the amount thereof shall, in case of death, be payable to the heirs of the member."

The rights and equities of the heirs of Abigail Smith are based upon the above clause of the statute. It is admitted by counsel for all parties that the contract of insurance is utterly null and void, as against public policy; and counsel for complainants concede that, unless the above statute applies to this case, the contract cannot be enforced by complainants. The statute does not in its terms, nor by implication, apply to the policy or contract of insurance in this case. This so-called contract was made more than four years before the law of 1887 took effect. The act applies only to corporations organized under it, and this corporation was not. It is not retroactive in its terms, and cannot be made to apply to insurance contracts made, or attempted to be made, prior to its enactment.

The contract of insurance set up in the bill is against public policy, and void. Complainants are not parties to it, neither have they been injured by it. It could not be enforced between the parties in courts of justice; and the fact that one of the parties to the illegal contract has seen fit to pay over to the other the wager does not afford a basis in equity for outside parties to lay claim to the reward of iniquity.

It is stated in the bill that, by virtue of the application and issuing of the certificate, Abigail Smith became a member of the society, and that her life was insured by such certificate for $3,000, pursuant to the said charter, by-laws, and certificate of membership; and it is

charged that on her death her administrators and heirs at law are entitled to the money. This position is inconsistent with the statement that Abigail Smith not only never signed the application, but was legally incapable of entering into a contract. But if she was by the proceeding constituted a member, the character of the transaction is not altered. The insurance was effected, and the beneficiary named had no insurable interest, and the contract was merely a wager upon the life of Abigail Smith, and cannot be enforced, without the aid of a statute authorizing it, either at law or in equity.

The decree dismissing the bill of complaint is affirmed, with costs.

The other Justices concurred.