## ALFSEN *v.* CROUCH *et al.*

### (*Knoxville.* September Term, 1905.)

1. **MUTUAL BENEFIT SOCIETIES.** Effect of surrender of certificate.

    Where a certificate in a mutual benefit society was surrendered by the insured in his lifetime and another certificate issued in favor of a different beneficiary, the original certificate became *functus officio*.

2. **SAME.** Waiver of by-laws.

    A provision in the constitution or by-laws of a mutual benefit society, limiting the persons who may be made beneficiaries in certificates issued by it, may be waived by the society.

    Cases cited and approved: Manley v. Manley, 107 Tenn., 189; Johnson v. Knights of Honor, 53 Ark., 256; Knights of Honor v. Watson, 64 N. H., 518.

3. **SAME.** Beneficiary in policy has no vested interest therein.

    The beneficiary in policy of insurance issued by a mutual benefit society has no vested interest therein as against the insured, and has no right to assail a change of beneficiaries on any alleged ground of fraud or because the second beneficiary was not of a class named in the code of the order, and, *a fortiori*, cannot recover from the second beneficiary the proceeds of a policy voluntarily paid by the society.

    Cases cited and approved: Hoeft v. Knights of Honor, 113 Cal., 91; Brown v. Grand Lodge, 80 Iowa, 287; Smith v. Pinch, 80 Mich., 335.

Alfsen v. Crouch.

FROM HAMILTON.

Appeal from Chancery Court of Hamilton County.—
T. M. McCONNELL, Chancellor.

SCOTT & YARNELL and SAM H. SEYMOUR, for Alfsen.

BROWN & SPURLOCK, for Crouch.

MR. JUSTICE WILKES delivered the opinion of the
Court.

This is a suit by the complainant to recover from the
defendant Catherine Crouch $2,000, the amount of an in-
surance policy issued by the Woodmen of the World, a
fraternal order, to Mrs. Catherine Crouch upon the life
of Alf Alfsen.

It appears that Alfsen was a native of Norway, who
went to sea when he was about twelve years old, and af-
ter wandering from place to place for some time he came
to the house of Mrs. Crouch, on Mission Ridge, near
Chattanooga, and lived with her as a florist and gardener
for something like three years. He was a man afflicted
with an offensive disease, but is described as bright,
pleasant, and interesting. He was able to do but little,
if any, work and was supported and taken care of by
Mrs. Crouch. He had, taken out a policy of insurance

in the Woodmen of the World at Mobile, Ala., for $2,000. This was payable to his father, Ule Alfsen.   Several months before his death he surrendered this certificate, in which his father was named as beneficiary, and procured the issuance of a new certificate in favor of Mrs. Crouch, and after his death the amount of insurance called for by this latter certificate was paid to Mrs. Crouch.

The theory of the bill is that this fund was a trust fund, that the surrender of the first certificate and the issuance of the second certificate was procured by fraud, and that Mrs. Crouch had no insurable interest in the life of the deceased.

It appears that he had become indebted to Mrs. Crouch in a considerable sum for his maintenance during the three years, and was anxious to pay her and remunerate her for her kindness.   In order to comply with the rules of the order, Alfsen was adopted by Mrs. Crouch as her son.   This was done under legal advice, and the matter was submitted to the principal officer of the order at Omaha, Neb., and was approved by him, and the first certificate was canceled, and the second issued.   This last certificate was recognized by the order as binding upon it, and the money was paid to Mrs. Crouch upon the death of the insured.

Without going into the various questions discussed by counsel, we think the merits of this controversy lie within a very narrow compass.

When the first beneficial certificate was surrendered,

Alfsen v. Crouch.

it ceased to have any further force or effect. It does not matter whether the second certificate was regularly issued or not. It does not matter whether the adoption proceedings were regular and legal or not. It does not matter whether Mrs. Crouch was entitled to be a beneficiary or not in any insurance upon the life of the deceased, so far as the beneficiary in the first certificate is concerned. If there was any invalidity, irregularity, or want of authority in the issuance of the second certificate, the order is the party who was entitled to take advantage thereof, and was the only party so entitled. The complainant cannot recover on his original certificate, because it was extinguished by the act of the insured, and it does not matter what the motives of the insured were; he cannot recover upon the second certificate, because he is not beneficially interested in it; and he cannot recover from Mrs. Crouch the proceeds of that certificate, because it has been paid to her by the insurance company when he had no claim upon it or interest in it.

A provision in the constitution or by-laws of a mutual aid society, limiting the parties who may be made beneficiaries under certificates issued by the society, may be waived by the society, and cannot be taken advantage of by third parties. *Manley* v. *Manley,* 107 Tenn., 198, 64 S. W., 8; *Johnson* v. *Knights of Honor,* 53 Ark., 256, 13 S. W., 794, 8 L. R. A., 732; *Knights of Honor* v. *Watson,* 64 N. H., 518, 15 Atl., 125.

And the payment by an insurance company of an illegal and invalid insurance policy does not confer any

basis in equity for outside parties to lay claim to the money. *Smith* v. *Pinch*, 80 Mich., 335, 45 N. W., 183.

The beneficiary in a policy in a fraternal order has no vested interest therein as against the insured, and has no right to assail a change of beneficiaries on any alleged ground of fraud, or because the second beneficiary was not of a class named in the code of the order. *Hoeft* v. *Knights of Honor,* 113 Cal., 91, 45 Pac., 185, 33 L. R. A., 174; *Brown* v. *Grand Lodge,* 80 Iowa, 287, 45 N. W., 884, 20 Am. St. Rep., 420.

The insured had a perfect right to surrender his policy on any ground and for any reason that he saw proper; and when the first certificate was canceled complainant ceased to have any interest whatever in the insurance, and, so far as he was concerned, it was entirely immaterial whether the insurance company ever issued another policy, or to whom it made payments of such policy, or what became of the proceeds of the same.

The court of chancery appeals find as a fact that no part of this second policy was to be paid to the first beneficiary. See cases of *Sofge* v. *Knights of Honor,* 98 Tenn., 453, 39 S. W., 853; *Fischer* v. *Fischer,* 99 Tenn., 635, 42 S. W., 448; *Schardt* v. *Schardt,* 100 Tenn., 280, 45 S. W., 340; *Catholic Knights* v. *Kuhn,* 91 Tenn., 219, 18 S. W., 385.

We see no possible theory upon which the complainant can recover, and the decree of the court of chancery appeals is affirmed.