JESSE M. LITTLETON, Receiver, *v.* MARY LOU SAIN.
Administratrix, *et al.*

(*Knoxville.*  September Term, 1912.)

1. **SEPARATE ESTATE.** Debts charged thereon by married
   woman does not authorize subjection of funds appearing to be a
   general estate.

   A fund cannot be subjected to the payment of a note, made by
   defendant during her coverture, for the payment of which she
   bound her separate estate, where it appears that such fund was
   a part of her general estate, and not a part of her separate
   estate, and where the coverture was pleaded as a defense.
   (*Post, pp.* 463, 465, 466.)

2. **ACCIDENT LIFE INSURANCE.** Membership in fraternal order
   bound to pay a certain sum upon member's death constitutes
   accident life insurance, when.

   Membership in a fraternal order, evidenced by a certificate bind-
   ing the order to pay a specified sum upon the member's death
   resulting from accident, and entitling the member to change
   his beneficiary, constitutes an insurance on his life in the
   event of death by accident.  (*Post, pp.* 463, 464.)

   Cases cited and approved:  Weil v. Trafford, 3 Tenn. Chy., 108;
   Lodge v. Ladd, 5 Lea, 721; Catholic Knights v. Kuhn, 91 Tenn.,
   214.

3. **SAME.** Member's designation of wife as beneficiary in a benefit
   certificate in a fraternal order, subject to change of benefic-
   iaries, does not create a vested or separate estate in her.

   Where a member in a fraternal order designated his wife as
   beneficiary in his membership certificate, providing for the pay-
   ment of a certain benefit upon the death of the member by acci-
   dent, and entitling the member to change the beneficiary, such
   beneficiary has no vested interest in the fund represented by
   the certificate until the death of the member, and there was no
   separate estate created in the fund.  (*Post, pp.* 464, 465.)

Cases cited and approved: Weil v. Trafford, 3 Tenn. Chy., 108; Lodge v. Ladd, 5 Lea, 721; Catholic Knights v. Kuhn, 91 Tenn., 214; Trust Co. v. Bank, 123 Tenn., 617.

4. **SEPARATE ESTATE.** Creation of equity for benefit of married women; existence only during coverture; suspension during discoverture; but revivor upon remarriage, when.

A married woman's separate estate is a creation of equity, devised for her protection and "to evade the harsh and unjust dogmas of the law" with respect to the rights of her husband over her property; and her separate estate exists only during coverture, and is suspended by discoverture, but revives upon her remarriage, unless defeated, during the intermediate period, by her disposition of the property. (*Post, p.* 465.)

Cases cited and approved: Beaufort v. Collier, 6 Humph., 492; Pooley v. Webb, 3 Cold., 603; Hughey v. Warner, 124 Tenn., 728.

5. **SAME.** Fund not previously vested, but created by death of husband, is not separate estate, but general estate, when.

Where, by reason of contingencies, a wife's interest in a fund derived from a benefit certificate issued, by a fraternal order, to her husband, did not become vested until his death, such fund was a part of general estate, and not a part of her separate estate, since the same event (her husband's death), which gave her vested interest in the fund also terminated her coverture. (*Post, p.* 465.)

---

FROM HAMILTON.

---

Appeal from the Chancery Court of Hamilton County. —T. M. McCONNELL, Chancellor.

S. E. WHITAKER, for complainant.

COLEMAN & FRIERSON, for defendants.

Littleton v. Sain.

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

The controlling question in this cause is whether Mary Lou Sain acquired a separate estate or a general estate in a fund collected by her after the death of her husband as the proceeds of a contract of insurance between him and a fraternal order known as the Order of United Commercial Travelers of America. Manifestly, upon this record, the receiver has no right to subject the fund, if, when vested in her, it was not impressed with the character of a separate estate; for it is clear that, at the time she contracted the obligation sued on, she was under disability of coverture, and this she has pleaded by way of defense.

At the time her husband became a member of the order in the year 1903, it issued to him a certificate, reciting his enrollment as a member and his title to all the rights and privileges of membership under its constitution. One of these rights was to have the order, upon his death resulting from accident while in good standing, pay over to a beneficiary designated by him a certain sum of money; and another of these rights was, at any time while in good standing, to change his beneficiary by naming another.

That his membership in this order amounted to an insurance upon his life in the event of death by accident is quite clear. Similar contracts between fraternal orders and members have been so treated by this court. *Tenn. Lodge* v. *Ladd,* 5 Lea, 721; *Weil* v. *Trafford,* 3

Tenn. Ch., 108; *Catholic Knights* v. *Kuhn,* 91 Tenn., 214, 18 S. W., 385.

Upon becoming a member of the order as stated, the husband of Mary Lou Sain designated her as his beneficiary, and never designated another; and the receiver contends that this act created in her a vested interest in the fund in controversy, which, upon her husband's death from an accidental cause, was paid over to her by the order in compliance with its contract with the husband. But this court, speaking of a very similar benefit certificate, has said: "The execution of such an instrument, without more, would not divest the member of his interest in the fund, nor vest the fund in the person to whom it is directed to be paid. It would still be the fund of the member, and subject to his disposal." *Tennessee Lodge* v. *Ladd,* 5 Lea, 721. See, also, *Weil* v. *Trafford,* 3 Tenn. Ch., 108; *Catholic Knights* v. *Kuhn,* 91 Tenn., 214, 18 S. W., 385.

The right of Mary Lou Sain to the fund in controversy never became vested until death had terminated the reserved power of her husband to cut her out of any interest in it by the designation of another beneficiary. He never surrendered his *jus disponendi* of the fund, and the right so reserved by him is wholly inconsistent with the existence in her during his life of a vested interest or separate estate in the fund; for despite his designation of her as his beneficiary, under his reserved power, his dominion over the contract of insurance was absolute. *Trust Co.* v. *Bank,* 123 Tenn., 617, 134 S. W., 311.

. A separate estate in a married woman is a creation of equity, devised for her protection and "to evade the harsh and unjust dogmas of the law" with respect to the rights of her husband over her property. Pomeroy, vol. 2, sec. 1098. .And as said by this court: "This estate exists only during coverture, being supended when the *feme* covert becomes discovert; but it is now well settled the trust will revive, for her protection, upon her marriage, and during each succeeding coverture, unless defeated during intermediate periods, the restriction being annexed to the separate estate and dependent upon it closes with it; so that, upon becoming discovert, the *feme* possesses the same power of disposition over her property as other persons." *Pooley* v. *Webb et al.,* 3 Cold., 603. See, also, *Beaufort* v. *Collier,* 6 Humph., 492, 44 Am. Dec., 321; *Hughey* v. *Warner,* 124 Tenn., 728, 140 S. W., 1058, 37 L. R. A. (N. S.), 582.

By the accidental death of her husband, Mary Lou Sain acquired a vested interest in the fund. Never, until that event, had any interest therein been vested in her. Until that event, two contingencies intervened, the happening of either one of which would have left her wholly without a shadow of legal right to the fund, viz., the designation of another beneficiary, or the death of her husband from other than an accidental cause. The same event which gave her a vested interest in the fund terminated her coverture, and the estate which *eo instanti* vested in her was a general and not a separate estate. The receiver's claim to subject the fund is planted .

126 Tenn. 30

Littleton v. Sain.

squarely upon the proposition that her estate in the fund was a separate one, and, therefore, bound under a contract signed by her during coverture by which she undertook to bind her separate estate for payment of the note sued on in this cause. (Although sued as an individual and also as administratrix, a stipulation of counsel in the record admits that no funds came into her hands as administratrix.)

From what has been said, it is manifest that the decree of the chancellor, which dismissed the bill, was correct, and the same is therefore affirmed, with costs.