MARY BAKER, GUARDIAN, APPELLEE, v. NOBLE VAUGHN HARDY ET AL., APPELLANTS.

FILED JUNE 23, 1914. No. 17,825.

1. **Insurance: CHANGE OF BENEFICIARY.** One whose life is insured by a mutual benefit society has the right, before his death, to change the beneficiary named in his certificate without the consent of such beneficiary; provided, the beneficiary as changed is within the class of persons who, by the laws of the order, may be made a beneficiary.

2. ———: ———. Objection to such change can only be made by the association, and when the change is ratified by the society, and the money is paid without objection to a trustee named in such change, the former beneficiary has no just cause for complaint.

3. **Trusts: DISTRIBUTION.** It is the duty of the trustee who has accepted the trust, and collected the money due on the certificate, to distribute it according to the terms of the trust.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Stewart, Williams & Brown* and *T. M. Wimberly,* for appellants.

*C. C. Flansburg* and *Leonard Flansburg, contra.*

BARNES, J.

This is an appeal from a judgment of the district court for Lancaster county, in favor of the plaintiff and against the defendant Noble Vaughn Hardy for the sum of $983.81. The judgment appealed from also subrogates the defendant to the rights of the mortgagee in a certain mortgage on lot 8, block 84, of University Place, in said county, to the amount of the plaintiff's judgment.

It appears that Rachel A. Hardy is the mother of Mary Baker, who prosecuted the action as guardian, and also of Columbus Hardy, deceased; that Mina I. Hardy was the wife of Columbus Hardy, and the defendant Noble Vaughn Hardy is their son.

In March, 1891, Columbus Hardy, now deceased, became a member of the National Union, which is a fraternal insurance company, and at that time took out a benefit certificate for the sum of $3,000, payable at his death to his wife, Mina I. Hardy. Between the deceased and his wife the payment of premiums on his benefit certificate were kept up. Shortly prior to his death, in February, 1910, Columbus Hardy, without the knowledge or consent of his wife, caused the beneficiary certificate to be made payable to his son, Noble Vaughn Hardy, as trustee for his wife and his mother, Rachel A. Hardy. At the same time he attached to the benefit certificate a slip of paper, by which he informed his son that he had been made trustee for the collection of the amount due on the policy, and directed that when collected he first pay to Rachel A. Hardy the amount of his indebtedness to her, as represented by certain notes, and thereafter to pay the remainder of the proceeds of the certificate to his wife, Mina I. Hardy.

It appears that for a number of years, beginning in 1898, and from that time to the date of the death of the assured, with the exception of about three years, Rachel A. Hardy roomed and boarded at the home of her son, Columbus Hardy. On Thanksgiving day, 1909, she left his home, and was not an inmate therein from that time; that during the years in which she was a member of the family of Columbus Hardy she paid the nominal sum of

$10 a month for her room and board, assisted Columbus Hardy in certain business ventures, made certain loans to him, which were represented by the notes above mentioned. After his death the defendant collected the full amount of $3,000, due upon his benefit certificate, and, instead of paying the amount to his grandmother, evidenced by the notes she held against the assured, and without any notice to her, defendant paid all of the $3,000 to his mother, Mina I. Hardy. When his grandmother, Rachel A. Hardy, ascertained that fact, she commenced this action against the trustee to recover one-half of the amount of the benefit certificate. The action was commenced in the name of the plaintiff, Rachel A. Hardy, but before a trial was had she was adjudged an incompetent, and the action was thereafter prosecuted by her daughter and guardian, Mary Baker. A trial of the issues resulted in a judgment by which the trustee was required to pay to Rachel A. Hardy the sum of $983.81, the amount of the notes above mentioned; and, it appearing that the money which had been turned over by the trustee to his mother had been used to pay off a mortgage on her home in University Place, it was decreed that the defendant be subrogated to the rights of the mortgagee to the extent of the money so used in payment of the mortgage. From that judgment both parties have appealed.

It is defendant's first contention that the plaintiff could not be named as a beneficiary, because she was not a member of the family of the deceased within the meaning of the laws of the order at the time of the change of beneficiary, and was not a dependent. It appears that the laws of the society nominate blood relations, members of the family, and dependents as proper persons to be named as beneficiaries. We think therefore that the contention of the defendant that the plaintiff could not be made a beneficiary is not well founded. No right-minded person would for a moment contend that the aged mother of the deceased was not within the class of persons who could be named as a beneficiary. She was a blood relation, and for many years had been a member of the deceased's family, and to

a certain extent was dependent upon him for support; that she was a blood relation alone would be sufficient to bring her within the class which could be named as a beneficiary. The testimony shows that during the life of the assured he changed the beneficiary by making his son, Noble Vaughn Hardy, a trustee to collect the money to become due under the beneficiary certificate for the benefit of his mother and his wife. This change was consented to by the National Union, and after the death of the assured the amount due on the benefit certificate was paid to the defendant, as trustee, by the society, without any objection whatsoever. The insurer having paid the amount of the certificate to the trustee, no other party can complain of the change, for that is a right which can only be taken advantage of by the insurer. 29 Cyc. 105-107'; *Tepper v. Supreme Council Royal Arcanum,* 59 N. J. Eq. 321; *Young Men's Mutual Life Ass'n v. Harrison,* 10 Ohio Dec. 786; *Alfsen v. Crouch,* 115 Tenn. 352, 89 S. W. 329; *Grand Lodge, A. O. U. W., v. Brown,* 160 Mich. 437; *Johnson v. Van Epps,* 110 Ill. 551.

Having held that Rachel A. Hardy was a blood relation of the assured, and within the class which could be made a beneficiary, it is unnecessary to discuss the question as to whether or not she was a dependent within the meaning of the laws of the order.

It is next contended by the defendant that the attempted change in the beneficiary was not made because Rachel A. Hardy was the mother of the assured, or because she was a member of his family, or because she was a dependent upon him for support, but the change was made in order to pay off and discharge the indebtedness of the assured.

Plaintiff contends that by the change of beneficiaries Rachel A. Hardy was entitled to one-half of the amount of the certificate, because the change made no express provision for any other method of distribution; while it is contended by the defendant that Mina I. Hardy was entitled to the whole of the fund because the attempted change of beneficiary was void. We think neither of those conten-

tions is sound. As we have seen, the change of the beneficiary was not void, and the association having ratified the change and paid the money to the trustee, who received it, and thus ratified the direction of Columbus Hardy as to the manner of distribution, he was bound by the written terms of the trust.

It is asserted on the one hand that the deceased had no interest in the fund, and could not control its distribution; while on the other it is contended that the beneficiary had no vested right in the distribution of the fund. As we view the question, the deceased had the right to provide in what proportions the money should be divided among the beneficiaries, and, having specifically directed the trustee as to the amount to be paid to each, he was bound to carry out the directions of the deceased. The record shows that the amount of decedent's indebtedness, to his mother was $983.81. The trustee was bound by the terms of the trust which he had accepted to pay her that amount.

It is also claimed that Columbus Hardy was insane and incapable of changing his beneficiary, and incompetent to make the distribution which the record shows he did make. But, as we view the evidence, that contention is without merit.

The judgment of the district court was right, and is

AFFIRMED.

REESE, C. J., and ROSE, J., not sitting.