JULES S. BACHE & CO. *v.* BANK OF DETROIT.

1. BANKS AND BANKING—PLEDGES—LIENS.
   Bank taking bonds as collateral has no title thereto, but has lien as pledgee.

2. SAME—DELIVERY OF PLEDGE ON PAYMENT OF LOAN.
   Bank, having consented to payment of borrower's note before due, was bound, upon payment, to deliver to broker bonds pledged as collateral, on borrower's order.

3. SAME—DELIVERY NOT AFFIRMATION OF TITLE.
   Delivery to broker, on borrower's order, is as though delivery had been made to him, and such delivery was not affirmation by bank of title in itself or of genuineness of bonds.

4. SAME—MONEY PAID UNDER MISTAKE OF FACT.
   That bank, holding forged bonds as collateral to loan, delivered them to broker on borrower's order, and with proceeds satisfied borrower's note and credited remainder to his account, does not render bank liable to broker, where all parties believed bonds to be genuine; money having been paid under mistake of fact, bank, being third party, may not be compelled to respond.

On right to recover payment made to third person under a mistake as to the validity of the obligation of the payer to the party in whose behalf it was made, see annotation in L. R. A. 1918C, 177.

Appeal from Wayne; Searl (Kelly S.), J., presiding. Submitted October 27, 1932. (Docket No. 54, Calendar No. 36,694.) Decided January 3, 1933.

Bill by Jules S. Bache and others, doing business as J. S. Bache & Company, against Bank of Detroit, now Guardian National Bank of Commerce, and J. W. Sibley to recover sums paid for forged bonds and to restrain transfer of funds by bank to Sibley. Decree for plaintiffs. Defendant bank appeals. Reversed.

*Stevenson, Butzel, Eaman & Long (Rockwell T. Gust* and *Victor W. Klein,* of counsel), for plaintiffs.

*Anderson, Wilcox, Lacy & Lawson (C. J. Huddleston* and *Helen M. Miller,* of counsel), for defendant bank.

Clark, J. Defendant Sibley borrowed from defendant bank $17,500, giving his note and as collateral what purported to be 25 bonds, face value $1,000 each, of Empire Oil & Refining Company. The next day Sibley arranged with plaintiff, a broker, for sale of the bonds. The broker telephoned the bank, explained its arrangement with Sibley, and asked if it was agreeable to the bank to sell the bonds. The bank replied that the bonds were there, consented to the selling, and agreed to make delivery if the full sale price were paid to it. All parties then believed the bonds to be genuine.

Plaintiff made sale of the bonds through its New York office, and thereupon gave notice to Sibley:

"Please note that in compliance with your instructions we have this day sold for your account and risk: (the bonds)."

Sibley two days later made delivery order as follows:

*"Bank of Detroit,*                    "Apr. 14, 1928.
    "Detroit, Michigan.
"Please deliver to J. S. Bache & Co. 25000/00 shares Bonds Empire Oil & Refining 1942 5½ stock on payment of $23,827.08.
"Apply $17,500/00 on my note, crediting balance to my account. Cancl. a/c MO.
                        "Yours very truly,
                            "J. W. Sibley."

Plaintiff, on the same day, made its check to the order of the bank for the price, $23,827.08, which check plaintiff sent to the bank, and took up the bonds pursuant to the delivery order. Upon receiving the price, the bank returned Sibley's paid note to him and gave him credit on his account at the bank for the remainder of the money, according· to agreement. Plaintiff broker forwarded the bonds to New York, where they were found to be forgeries. They were returned, and were tendered back, first to Sibley and afterward to the bank, with demand for repayment, which was refused.

This bill was filed to recover back the money paid, and to enjoin payment by the bank to Sibley. From decree for plaintiff against the bank for the $17,500 by which Sibley's note was paid, and for $6,215.41 remaining in Sibley's account when the restraining order was served, and against Sibley for the remainder of the price paid by plaintiff, the bank has appealed.

The bank had no title to these bonds. It had lien as pledgee. 49 C. J. p. 925.

The bank, having consented to payment of Sibley's note before due, was bound, upon payment, to deliver on Sibley's order, as it did, and to the

party whom he had designated to take delivery, the plaintiff. Delivery on Sibley's order is as though delivery had been made to him. Delivery on Sibley's order is no more an affirmation by the bank of title in itself or of the genuineness of the bonds than it would be if the bank had made delivery to Sibley himself. The bank's telephonic reply, above stated, cannot be construed as an affirmation, warranty, or representation that the bonds were genuine. That the bank received the whole price, according to agreement, and, satisfying Sibley's note, credited the remainder to his account, is not significant. Plaintiff knew with whom it was dealing, knew who was selling the bonds, as its quoted notice to Sibley indicates. The bank was not the seller, and cannot be held as having warranted the genuineness of the bonds. Nor must it, a third party, respond for money paid, in legal effect, to Sibley by plaintiff under a mistake of fact. A case closely in point is *Baker* v. *Arnot,* 67 N. Y. 448. See, also, *Ketchum* v. *Stevens,* 19 N. Y. 499; *Walker* v. *Conant,* 69 Mich. 321 (13 Am. St. Rep. 391); note L. R. A. 1918C, 177.

As Sibley has not appealed, the decree against him and that part of the decree requiring the bank to pay to plaintiff the sum remaining in Sibley's account at the bank will not be disturbed. In all other respects the decree relative to the appellant bank is reversed, and, in that regard, the bill dismissed, with costs.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.