HICKS v. CARY.

1. EQUITY—MOTION TO DISMISS—PLEADING.
   Well-pleaded allegations in a bill of complaint are to be taken as true when passing on a motion to dismiss.

2. PLEDGES—PAYMENT OF DEBT—RETURN OF COLLATERAL.
   A debtor is entitled to return of his collateral or pledge upon payment of the debt.

3. INSURANCE—LIFE POLICY—INSURABLE INTEREST—WAGERING CONTRACTS.
   A life insurance policy naming as beneficiary one who has no insurable interest in the life of the assured is a wagering contract, contrary to public policy and void.

4. GAMING—PAYMENT OF WAGER—EQUITY—PARTIES.
   The fact that one of the parties to a wagering contract has seen fit to pay over to the other the wager does not afford a basis in equity for outside parties to lay claim to the reward of iniquity.

5. INSURANCE—INSURABLE INTEREST—WAGERING CONTRACT.
   Defense of lack in the beneficiary under a life insurance policy of an insurable interest equal to the full amount of the insurance policy, to the extent that it thereby renders the policy a wagering contract, constitutes a barrier to the beneficiary's right to receive and retain the full amount of the insurance proceeds is one which may be raised by and for the benefit of the insurer alone.

REFERENCES FOR POINTS IN HEADNOTES
[2] 41 Am Jur, Pledge and Collateral Security § 73.
[3] 29 Am Jur, Insurance § 318 et seq.
[5] 29 Am Jur, Insurance § 320.
[6] 54 Am Jur, Trusts § 218 et seq.
[7] 40 Am Jur, Payment § 155 et seq.; 46 Am Jur, Restitution § 1.

6. TRUSTS—CONSTRUCTIVE TRUST—FRAUD—DURESS—BREACH OF FI-
DUCIARY RELATION—EQUITY.

> A constructive trust is predicated on fraud, misrepresentation,
> concealment, mistake, undue influence, duress, breach of fi-
> duciary relations, or similar equitable considerations.

7. MONEY RECEIVED—UNJUST ENRICHMENT.

> Plaintiff who bases her recovery from defendant upon the lat-
> ter's unjust enrichment must establish that the enrichment
> of defendant, if unjust, is at her expense.

8. INSURANCE—CORPORATION EXECUTIVE—INSURABLE INTEREST—PUR-
CHASE OF STOCK—TERMINATION OF CONTRACTUAL RELATIONS—UN-
JUST ENRICHMENT.

> Plaintiff executrix of estate of deceased insured was not entitled
> to proceeds of life insurance policies paid to corporate bene-
> ficiaries which had taken them out upon the life of decedent
> pursuant to an agreement whereby they paid the premiums
> on policies in the amount of $50,000 for the purpose of buying
> stock held by decedent, an executive of the corporations, not-
> withstanding all his stock had been repurchased and all con-
> tractual relations had terminated prior to his death and in-
> surer paid proceeds to the corporate beneficiaries, since latter
> were not unjustly enriched at plaintiff's expense and she was
> not a party to the insurance contract.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted January 8, 1952. (Docket No. 2, Calendar No. 45,276.) Decided March 6, 1952.

Bill by Charlotte Claggett Hicks, executrix of the estate of George Wylie Hicks, deceased, against Walter B. Cary and others to have decree that proceeds of certain life insurance policies be held in trust for her. Bill dismissed on motion. Plaintiff appeals. Affirmed.

*Harry S. Toy* (*Charles S. Toy* and *James M. Skillman*, of counsel), for plaintiff.

*Beaumont, Smith & Harris,* for defendants.

Dethmers, J. Plaintiff prays that the proceeds of insurance on the life of her decedent, paid to defendant corporations in accord with the terms of 2 policies which named them beneficiaries, be decreed to be held by them in trust for decedent's estate. From an order granting defendants' motion to dismiss the bill of complaint for failure to state a cause for equitable relief plaintiff appeals. In such circumstances the well-pleaded allegations of the bill are to be taken as true. *Gilmer* v. *Miller,* 319 Mich 136. They are, in substance, as follows: In accord with the terms of written agreements between them decedent became engaged by defendant corporations as a full-time employee, director and vice-president and purchased W. B. Cary & Company stock in the amount of $18,712.50, and defendant corporations, in turn, took out and paid the premiums on policies which named them beneficiaries and insured the life of decedent in the amount of $50,000 for the purpose, as agreed between them in writing, of purchasing from decedent's estate all such stock held by him at his death. Thereafter the contractual relationships between decedent and defendants were terminated, his employment by them ceased, he sold his stock back to W. B. Cary & Company for $20,838.75 and he received $1,323.12 in full settlement of all claims against defendant corporations, in exchange for which he gave them a release from all further liability to him. A few days later he died and, the insurance policies having remained in effect, defendant corporations, as named beneficiaries, collected the full amount of the policies. Plaintiff demanded that defendants pay said money over to her, claiming a constructive trust. This suit followed defendants' refusal of the demand.

After suggesting that the insurance was taken out to secure defendants in a debtor-creditor relationship existing between them and decedent, plaintiff

cites cases from other jurisdictions, as well as the Michigan case of *Metropolitan Life Insurance Co.* v. *O'Brien,* 92 Mich 584, for the proposition that, after payment of the obligation secured by the insurance and the expenses incurred in connection therewith, the assured's personal representatives are entitled to the balance of the proceeds of the insurance. Typical of the facts in such cases are those in the *O'Brien Case, supra,* in which the assured himself took out the insurance, paid some or all of the premiums and owned the policy at the time it was pledged or given by him as collateral security for payment of his debt. It is fundamental that upon payment of the debt the debtor is entitled to the return of his collateral or pledge. See *Jules S. Bache & Co.* v. *Bank of Detroit,* 261 Mich 436, and *Wallace* v. *Finnegan,* 14 Mich 170 (90 Am Dec 243). The latter rule is at the root of the holdings in the *O'Brien* and similar cases. In the instant case the decedent did not take out or pay for the insurance and never owned or gave it as collateral. It was taken out, paid for and owned by defendant corporations. Furthermore, when defendants took out the insurance the decedent did not nor was it contemplated that he ever would owe defendants a debt for which the insurance should stand as security. Accordingly, the indicated line of authorities is without application here.

The subject of wagering contracts is also mentioned in plaintiff's brief. In this connection see *Mutual Benefit Association of Michigan* v. *Hoyt,* 46 Mich 473, in which it was held that a life insurance policy naming as beneficiary one who has no insurable interest in the life of the assured is a wagering contract, contrary to public policy and void. In *Smith* v. *Pinch,* 80 Mich 332, this Court said concerning such a policy of insurance and concerning the plaintiffs in the case, who were the heirs at law and

the administrator of the estate of the assured, the following:

"The contract of insurance set up in the bill is against public policy, and void. Complainants are not parties to it, neither have they been injured by it. It could not be enforced between the parties in courts of justice; and the fact that one of the parties to the illegal contract has seen fit to pay over to the other the wager does not afford a basis in equity for outside parties to lay claim to the reward of iniquity."

Similarly, in *Standard Life & Accident Ins. Co.* v. *Catlin,* 106 Mich 138, where the administrator of assured's estate claimed the proceeds of the policy on the ground that the beneficiary named therein had no insurable interest in the assured's life, this Court said:

"If this contention should be allowed as a matter of fact, it would follow that the policy is void on the ground of public policy. *Mutual Benefit Association of Michigan* v. *Hoyt,* 46 Mich 473. But we think, as between the complainant (the insurance company) and Nettie Gail Catlin [the beneficiary] the question is not here. The company concedes its liability on the contract, and has paid the money into court. If the question were open, it is difficult to see how a determination that the policy is a wager policy would be fruitful in results to the heirs of the deceased. See *Smith* v. *Pinch,* 80 Mich 332."

From this it will be seen that the rule in Michigan applicable to cases in which the beneficiary has no insurable interest in assured's life affords no support for plaintiff's claim to the proceeds of the insurance in the instant case. To avoid the application of that rule, however, plaintiff then veers to the position that when the policies were obtained defendant corporations possessed an insurable interest in decedent's life which dwindled, at the time they pur-

chased decedent's stock, to the amount defendants paid in premiums or, at most and in addition thereto, the amount paid by defendants for decedent's stocks. After accepting that horn of the dilemma plaintiff is confronted with the difficulty that the cases cited by her as holding that the assured's estate is entitled to the insurance proceeds in excess of the debt due the creditor present factual situations in which the debtor had owned the insurance and pledged it to the creditor. As hereinbefore noted, such cases are of no help to plaintiff on the facts at bar. We are mindful, in this connection, of the Pennsylvania and Texas cases, cited by plaintiff, which indicate a contrary view. The Pennsylvania cases cited are *Haberfeld* v. *Mayer,* 256 Pa 151 (100 A 587); *Pittsburgh Underwriters* v. *Mutual Life Ins. Co. of New York,* 149 Pa Super 554 (27 A2d 278); *Downey* v. *Hoffer,* 110 Pa 109 (20 A 655); *Ulrich* v. *Reinoehl,* 143 Pa 238 (22 A 862, 13 LRA 433, 24 Am St Rep 534); *Murray* v. *G. F. Higgins Co.,* 300 Pa 341 (150 A 629, 75 ALR 1360). None of these cases holds that when a creditor takes out a policy which names him the beneficiary of insurance on the life of a debtor and pays the premiums thereon, the estate of the assured is entitled to the proceeds of the insurance in excess of the amount necessary to discharge the debt, although there is language in the opinions of some of them indicating that the Pennsylvania courts might so hold were the precise question presented. *Cheeves* v. *Anders,* 87 Tex 287 (28 SW 274, 47 Am St Rep 107), is typical of the Texas cases cited. The Texas court does not hold to the Michigan rule that a life insurance policy naming as beneficiary one who has no insurable interest in the life of the assured is a wagering contract, void as against public policy, but, on the contrary, holds such policy valid and enforceable against the insurer, but, in furtherance of the public policy against inducement

to murder, strips such beneficiary of the benefit of the proceeds and, apparently for want of a better or more deserving beneficiary, turns the same over to the personal representatives of the assured. That does not square with the Michigan rule as announced in the *Smith* v. *Pinch,* and *Standard Life & Accident Ins. Co.* v. *Catlin, Cases, supra.* We hold to the rule that lack in the beneficiary of an insurable interest equal to the full amount of the insurance policy, to the extent that it thereby renders the policy a wagering contract, constitutes a barrier to the beneficiary's right to receive and retain the full amount of the insurance proceeds, but that it is one which may be raised by and for the benefit of the insurer alone.

A constructive trust is predicated on fraud, misrepresentation, concealment, mistake, undue influence, duress, breach of fiduciary or confidential relations, or similar equitable considerations. 3 Bogert on Trusts and Trustees, § 471 *et seq.* These elements do not here exist. Plaintiff urges that dismissal of her bill results in the unjust enrichment of defendant corporations. To entitle her to prevail plaintiff must establish that the enrichment of defendants, if unjust, is at her expense. Such is not the case. A decree for plaintiff would make her the recipient of a windfall to which she can demonstrate no possible legal or equitable right on the basis of any recognized legal principle or equitable consideration whatsoever.

Affirmed, with costs to defendants.

NORTH, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.